OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
It was appellant’s contention in support of his defense of justification on trial for the killing of 13-year-old Ciprian Séptimo, Jr., that when he suddenly saw the figure of a person standing on a platform outside the third floor rear windows of the apartment building he believed that the intruder was a burglar. As part of the People’s proof in refutation of that defense the prosecutor was permitted, over protest, to introduce testimony by the boy’s school principal that the deceased lad was a delicate child, that the school had him marked for limited physical activity because he had a cardiac problem and had had open heart surgery and was asthmatic as well. Similarly the boy’s sister was permitted to testify that her brother did not play strenous games and played only with children who were six to eight years old. This witness was also allowed, over strenuous objection, to describe stitches on her brother’s body extending from the front of his chest going around to the middle of his back.
While physical characteristics of the young man visible to defendant at the time of their encounter (or, had defendant identified the intruder, nonvisible characteristics of which defendant was aware) would have been relevant and admissible on the issue of his state of mind and mental culpability at the time the fatal shot was fired (and thus admissible with respect to the defense of justification as charged in this case) physical limitations and body markings which were wholly unknown to defendant and of which he could in no way be charged with notice, were irrelevant and should have been excluded (cf. Matter of Robert S., 52 NY2d 1046). Moreover, as the majority at the Appellate Division held, because the erroneously admitted evidence “could only have aroused sympathy for the victim and his family and animus against the defendant”, the error cannot be held to have been harmless.
*647 Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Fuchsberg and Meyer concur; Judge Gabrielli concurs in result only.
Order affirmed in a memorandum.