■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEVON BROWN, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERAL JONES, Appellant. [599 NYS2d 277] — Judgments, Supreme Court, Bronx County (Frank Torres, J., at jury trial), rendered November 26, 1991, convicting defendant Brown of rape in the first degree and sentencing him to a term of 7½ to 22½ years imprisonment, and convicting defendant Jones of attempted rape in the third degree, robbery in the third degree, and assault in the third degree, and sentencing him to concurrent terms of imprisonment of 5 to 15 years, 2⅓ to 7 years, and 6 months, respectively, unanimously reversed, on the law and the facts and as a matter of discretion in the interest of justice, and the case remanded for new trial.

On the beginning of the third day of the trial, a Thursday morning, the trial court announced receipt of a written telephone message (its actual source was never ascertained) that a sitting juror had "called in ill". Over explicit objection by defendants on the ground that the next court session was not scheduled until the following Tuesday, a hiatus which might enable the "ill" juror to continue, the court nevertheless discharged the absent juror without further inquiry and seated the first alternate in her place. Since the "reasonably thorough inquiry" mandated by *People v Page* (72 NY2d 69, 73) never took place, reversal of these convictions and a new trial are required *(People v Celestin,* 150 AD2d 385).

We also hold that on the retrial of this rape prosecution

where the sexual congress was admitted by defendants and the sole defense was the alleged consent of the then-13-year-old victim, an issue complicated by her possible intoxication, evidence with respect to her subsequent abortion and detailed expert testimony on the mechanics of human reproduction should be excluded. This testimony was irrelevant to any issue on the trial, and we conclude that it was introduced only to arouse the emotions of the jury and to prejudice the defendants *(People v Blake,* 139 AD2d 110). While evidence as to the victim's pregnancy is arguably relevant, the court must weigh its probative value against its prejudicial impact, and the failure to do so here was error *(People v Monaco,* 57 NY2d 645). Concur—Murphy, P. J., Sullivan, Wallach, Ross and Kassal, JJ.