■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CODY BACKUS, Appellant. [890 NYS2d 743]—

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered January 2, 2008. The judgment convicted defendant, upon a jury verdict, of murder in the second degree, burglary in the first degree and attempted robbery in the first degree (two counts).

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of, inter alia, murder in the second degree (Penal Law § 125.25 [3] [felony murder]) and burglary in the first degree (§ 140.30 [2]), defendant contends that the felony murder count did not charge a "cognizable crime" under the circumstances of this case. Despite the language in which defendant frames his contention, we conclude that he is in effect contending that the felony murder count is duplicitous. Such a contention must be preserved for our review (*see People v Sponburgh*, 61 AD3d 1415 [2009], *lv denied* 12 NY3d 929 [2009]; *People v Pyatt*, 30 AD3d 265, 265-266 [2006], *lv denied* 7 NY3d 869 [2006]), and defendant failed to do so. We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Defendant contends that preservation is not required in any event because the indictment was jurisdictionally defective. We reject that contention. "[A]n indictment is jurisdictionally defective only if it does not effectively charge the defendant with the commission of a particular crime" (*People v Iannone*, 45 NY2d 589, 600 [1978]; *see People v Ray*, 71 NY2d 849 [1988]) and, here, the count of the indictment that is the subject of defendant's challenge expressly charges defendant only with felony murder.

Inasmuch as defendant consented to the supplemental instruction given by Supreme Court in response to a jury note concerning telephone records, he "has waived his present challenge to the [supplemental] instruction" (*People v Scott*, 60 AD3d 1396, 1397 [2009], *lv denied* 12 NY3d 821 [2009]). Contrary to defendant's further contentions, we conclude that there is sufficient evidence corroborating the testimony of the accomplice (*see generally People v Breland*, 83 NY2d 286, 293-294 [1994]; *People v Daniels*, 37 NY2d 624, 629-630 [1975]), and that the evidence is legally sufficient to support the conviction (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). We reject the further contention of defendant that he was denied effective assistance of counsel based, inter alia, upon defense counsel's failure to make certain motions or to interpose certain objections (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). "A defendant is not denied effective assistance of trial counsel merely because counsel does not make a motion or argument that has little or no chance of success" (*People v Stultz*, 2 NY3d 277, 287 [2004], *rearg denied* 3 NY3d 702 [2004]).

We have considered defendant's remaining contentions and conclude that they are without merit. Present—Martoche, J.P., Smith, Fahey, Carni and Pine, JJ.