▮ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES POLLARD, Appellant. [894 NYS2d 691]—

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered June 9, 2008. The judgment convicted defendant, after a nonjury trial, of rape in the first degree and rape in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a nonjury trial of rape in the first degree (Penal Law § 130.35 [1]) and rape in the second degree (§ 130.30 [1]). Contrary to the contention of defendant, Supreme Court properly refused to suppress the statements that he made to the police after he had waived his *Miranda* rights and voluntarily submitted to a computer voice stress analysis (CVSA) test. "Here, no impression that the [CVSA] test was omniscient was foisted upon defendant" (*People v Tarsia*, 50 NY2d 1, 11 [1980]), and the use of the CVSA test as an interview tool did not provoke an involuntary confession. Indeed, although defendant made statements that may be construed as inculpatory, he consistently denied the charges. Defendant consented to the court's determination that the police would be permitted to testify at trial with respect to those statements without reference to the CVSA test, and we thus conclude that he waived his contention on appeal that such testimony should have been suppressed because it violated the "rule of completeness" (*see generally People v Backus*, 67 AD3d 1428, 1429 [2009]). In any event, that contention is without merit. The use of the CVSA test as an interview tool did not constitute exculpatory evidence and was not necessary to provide a complete narration of defendant's inculpatory statements (*see generally People v Harris*, 249 AD2d 775, 777 [1998]).

Defendant made only a general motion for a trial order of dismissal at the close of the People's case (*see People v Gray*, 86 NY2d 10, 19 [1995]), and he failed to renew his motion after presenting evidence (*see People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]). He thus failed to preserve for our review his contention that the evidence is legally insuf-

ficient to support the conviction. In any event, that contention is without merit. The victim testified in detail concerning the crimes, and other testimony, including that of defendant, corroborated her testimony, thereby satisfying "the proof and burden requirements for every element of the crime[s] charged" (*People v Bleakley*, 69 NY2d 490, 495 [1987]). Viewing the evidence in light of the elements of the crimes in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we reject defendant's further contention that the verdict is against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495). Even assuming, arguendo, that a different result would not have been unreasonable, we conclude that the court did not fail to give the evidence the weight it should be accorded, and there is no basis upon which to disturb the court's credibility determinations (*see generally id.*).

Defendant failed to object to the court's questioning of both defendant and defense counsel, and he therefore failed to preserve for our review his contention that the court assumed the role or appearance of the prosecutor (*see* CPL 470.05 [2]). In any event, we reject that contention. It is well established that a court may intervene "in order to clarify a confusing issue" (*People v Arnold*, 98 NY2d 63, 67 [2002]), and the court's questions to defendant with respect to communications between the victim and defendant through MySpace and AOL instant messaging did not constitute an abuse of discretion. The comments of the court concerning its discussion in chambers with defense counsel with respect to its understanding of that testimony and whether the People would call a rebuttal witness likewise did not constitute an abuse of discretion (*cf. id.* at 68). We have reviewed defendant's remaining contentions with respect to whether the court impermissibly assumed the role or appearance of a prosecutor and conclude that they are without merit.

We reject the further contention of defendant that he was denied effective assistance of counsel. Defendant failed " 'to demonstrate the absence of strategic or other legitimate explanations' for [defense] counsel's alleged shortcomings" (*People v Benevento*, 91 NY2d 708, 712 [1998]), and we conclude that "the evidence, the law, and the circumstances of [this] case, viewed in totality and as of the time of the representation, reveal that [defense counsel] provided meaningful representation" (*People v Baldi*, 54 NY2d 137, 147 [1981]; *see Benevento*, 91 NY2d at 712). Finally, the sentence is not unduly harsh or severe. Present—Scudder, P.J., Fahey, Lindley and Green, JJ.