■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGINALD NASH, Appellant. [908 NYS2d 708]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Mullen, J.,) rendered July 24, 2007, convicting him of course of sexual conduct against a child, in the first degree, rape in the second degree (19 counts), and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted of 19 counts of rape in the second degree and related charges stemming from his alleged repeated sexual involvement with his ex-girlfriend's daughter while the daughter was 11 through 14 years old.

The defendant's argument that the trial court erred in admitting evidence of the complainant's pregnancy and abortion is unpreserved for appellate review, as no objection to such evidence was interposed at trial (*see* CPL 470.05 [2]). In any event, and contrary to the defendant's contention, the evidence of the complainant's pregnancy and abortion was probative and admissible at trial. Medical evidence that the complainant was 22 weeks pregnant in October of 2004, when she was 13 years old, was probative for the purpose of establishing that sexual intercourse had occurred while she was under 15 years of age, an element of rape in the second degree (*see* Penal Law § 130.30 [1]). Evidence of the complainant's pregnancy, standing alone, while not probative of the defendant's guilt (*see People v Anthony*, 293 NY 649, 650 [1944]), nonetheless constituted proof that a crime had been committed by someone (*see People v Croes*, 285 NY 279, 282 [1941]). Moreover, it was admissible as probative of the complainant's credibility as a witness (*see People v Tashman*, 233 NYS2d 744, 745 [1962]). Furthermore, evidence that the defendant accompanied the complainant to the hospital for the abortion and kept the procedure a secret from the complainant's mother is relevant to and probative of the earlier encounters

between the defendant and the complainant during which an inappropriate intimacy between them could be inferred (*see People v Keller*, 194 AD2d 877, 878 [1993]). The defendant's reliance upon *People v Brown* (194 AD2d 443 [1993]) is distinguishable on its facts and is not controlling, as the defendant in that case admitted the sexual intercourse, and his sole defense was the 13-year-old victim's alleged consent.

The defendant's contention that he received ineffective assistance of counsel is without merit (*see People v Benevento*, 91 NY2d 708, 712 [1998]).

The defendant's argument on appeal that the counts of rape in the second degree were vague and duplicitous is not preserved for appellate review (*see* CPL 470.05 [2]), as the defendant failed to make a pretrial motion to dismiss those counts of the indictment within 45 days of his arraignment (*see* CPL 210.20 [1], [2]; *People v Iannone*, 45 NY2d 589, 600 [1978]; *People v Booker*, 63 AD3d 750 [2009]; *People v Cosby*, 222 AD2d 690, 691 [1995]; *People v Tice*, 147 AD2d 776, 778 [1989]). We decline to reach the issue in the exercise of our interest of justice jurisdiction (*see People v Backus*, 67 AD3d 1428 [2009]).

The defendant's related argument that the trial court's charge and jury verdict sheet impermissibly resulted in his conviction on duplicitous counts is likewise unpreserved for appellate review, as no objection was made by the defendant's counsel on this issue (*see* CPL 470.05 [2]), and we decline to reach the issue in the exercise of our interest of justice jurisdiction.

The defendant's remaining contention is without merit. Dillon, J.P., Florio, Roman and Sgroi, JJ., concur.