# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

561
KA 11-00093
PRESENT: SMITH, J.P., CARNI, DEJOSEPH, CURRAN, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

HERIBERTO SOTO, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DREW R. DUBRIN OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (David D. Egan, J.), rendered January 4, 2011. The judgment convicted defendant, upon a jury verdict, of predatory sexual assault against a child.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of predatory sexual assault against a child (Penal Law § 130.96). We reject defendant's contention that he was denied his right to be present at a sidebar conference during which Supreme Court spoke directly with the child victim. The court "informed defendant of his right to be present at sidebar conferences and his ability to waive that right . . . Defendant's failure to attend [the subject] sidebar conference[] after having been informed of the right to do so constitutes a waiver of that right" (*People v Yeldon*, 251 AD2d 1047, 1048, *lv denied* 92 NY2d 908).

Defendant failed to object when the court asked him questions during cross-examination, and he therefore failed to preserve for our review his contention that the court assumed the role or appearance of the prosecutor (*see* CPL 470.05 [2]; *People v Pollard*, 70 AD3d 1403, 1405, *lv denied* 14 NY3d 891). In any event, we reject that contention. It is well established that a court may intervene "in order to clarify a confusing issue" (*People v Arnold*, 98 NY2d 63, 67), and we conclude that the court's questioning of defendant to clarify two points, i.e., when defendant received grand jury minutes and the age of one of the child victim's siblings, did not constitute an abuse of discretion (*see id.* at 67-68; *Pollard*, 70 AD3d at 1405).

Defendant failed to preserve for our review his contention that

he was denied a fair trial based on prosecutorial misconduct (*see People v Douglas*, 60 AD3d 1377, 1377, *lv denied* 12 NY3d 914), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Contrary to defendant's further contention, neither defense counsel's failure to object to the alleged instances of prosecutorial misconduct nor any of defense counsel's other alleged shortcomings constituted ineffective assistance of counsel (*see generally People v Walker*, 50 AD3d 1452, 1453-1454, *lv denied* 11 NY3d 795, *reconsideration denied* 11 NY3d 931). Rather, we conclude that the evidence, the law, and the circumstances of this case, viewed in totality and as of the time of the representation, establish that defendant received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147).

We have considered defendant's remaining contentions and conclude that they are without merit.

Entered:  July 1, 2016                        Frances E. Cafarell
                                              Clerk of the Court