People v Harvey (2022 NY Slip Op 01885)





People v Harvey


2022 NY Slip Op 01885


Decided on March 17, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 17, 2022

Before: Kapnick, J.P., Mazzarelli, Friedman, Gesmer, Oing, JJ. 


Ind No. 6067/10 Appeal No. 15536 Case No. 2018-276 

[*1]The People of the State of New York, Respondent,
v
Laurence Harvey, Defendant-Appellant.


Caprice R. Jenerson, Office of the Appellate Defender, New York (Victorien Wu of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (R. Jeannie Campbell-Urban of counsel), for respondent.



Judgment, Supreme Court, New York County (Arlene D. Goldberg, J.), rendered May 5, 2017, convicting defendant, after a jury trial, of aggravated sexual abuse in the first degree (two counts), aggravated sexual abuse in the second degree, aggravated sexual abuse in the third degree (two counts), sexual abuse in the first degree (four counts), and assault in the second degree (two counts), and sentencing him to an aggregate term of 25 years, unanimously affirmed.
The court providently exercised its discretion in imposing reasonable limits on cross-examination of the victim regarding prior inconsistent statements (see People v Corby, 6 NY3d 231, 234-235 [2005]). Of the three excluded statements, two were ambiguous remarks taken out of context of lengthier conversations, and their elicitation could have confused the jury (see People v Duncan, 46 NY2d 74, 80-81 [1978], cert denied 442 US 910 [1979]; People v Vincente, 4 AD3d 217, 218 [1st Dept 2004], lv denied 3 NY3d 649 [2004]). As for the remaining statement at issue, there was not even an arguable inconsistency, and the statement had no probative value in impeaching the victim's credibility.
The court also providently exercised its discretion in admitting various uncharged crimes and bad acts committed by defendant against the victim, because these acts were probative of defendant's motive, provided background information explaining the parties' relationship, and placed the behavior of both defendant and the victim in a believable context (see People v Dorm, 12 NY3d 16, 19 [2009]; People v Levasseur, 133 AD3d 411, 411 [1st Dept 2015], lv denied 7 NY3d 1001 [2016]; People v Steinberg, 170 AD2d 50, 72-74 [1991], affd 79 NY2d 673 [1992]). The probative value of the evidence outweighed any risk of prejudice, which was mitigated by the court's suitable limiting instructions. The number of bad acts admitted was not excessive, given the length of the relationship and the need to explain it adequately.
However, we find that certain other evidentiary rulings were improvident exercises of discretion. The court should have been permitted defendant to introduce, on his own case, evidence relating to text messages the existence of which was relevant to counter the prosecution's theory that the victim was a powerless victim of domestic abuse (see People v Jovanovic, 263 AD2d 182, 200-201 [1st Dept 1999], appeal dismissed 95 NY2d 846 [2000]). The court should have excluded evidence that the victim's 16-year-old sister had a tattoo of defendant's name, because the family dynamics were established through other evidence and the tattoo evidence was prejudicial in that it suggested an inappropriate relationship between defendant and the sister (see People v Brown, 194 AD2d 443, 444 [1st Dept 1993]). The court also should have precluded cross-examination of defendant about a trespass conviction whose underlying facts raised an inflammatory inference.
Nevertheless, all errors, viewed separately or collectively, [*2]were harmless in light of the overwhelming evidence of guilt, and defendant was not deprived of a fair trial (see People v Crimmins, 36 NY2d 230, 241-242 [1975]; see also People v Hall, 18 NY3d 122, 132 [2011]). The victim's testimony was extensively corroborated. Among many other forms of evidence, there were photographs of the victim while she was bound and gagged during the crime. The evidence clearly established that defendant took these photos and uploaded them to his computer, and the defense theory that the victim maliciously "staged" the photos was completely implausible. Moreover, defendant's trial testimony was incredible.
We have reviewed defendant's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 17, 2022