OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
On the present record, it cannot be concluded that the Trial Justice unduly or improperly injected himself into the proceedings, or that he displayed bias or hostility toward the defendant’s case. As previously recognized, neither the nature of our adversary system nor the constitutional requirement of a fair trial preclude a trial court from assuming an active role in the truth-seeking process (see, e.g., People v Moulton, 43 NY2d 944, 945; People v De Jesus, 42 NY2d 519, 523). Often the Judge plays a vital role at trial by clarifying the issues to be resolved and restricting the proof to reasonable bounds (People v De Jesus, supra, at p 523). This power must, of course, be exercised sparingly, without partiality, bias or hostility (People v Carter, 40 NY2d 933, 934; People v Budd, 38 NY2d 988, 989), as excessive interference or the suggestion of an opinion on the part of the Trial Judge might well prove *884 decisive in the minds of the jury (People v De Jesus, supra, at p 524; People v Bell, 38 NY2d 116, 120).
Here, the court intervened in the proceedings evenhandedly, rather infrequently and, so far as appears, only when necessary to aid the jury in understanding the legal and factual issues presented. Neither the defense nor the prosecution was singled out for special treatment, and the defense was not treated in a hostile fashion. In short, we are unable to say that the court exceeded the proper bounds of its supervisory role during the trial. Similarly, that portion of the charge to the jury preserved for review is not beset by prejudicial error.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg concur.
Order affirmed in a memorandum.