THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUNIOR MENDEZ, Appellant. [639 NYS2d 219]

Memorandum: Defendant contends that improper questioning of defense witnesses by County Court denied him a fair trial. We agree. After the prosecutor asked defendant's first witness 11 questions, the court took over that cross-examination, asking the witness 37 more questions. When the court finished its questioning, the prosecutor had no further questions of that witness. During the prosecutor's cross-examination of defendant's second witness, the court conveyed the impression that it did not find the witness credible by, *inter alia*, asking the witness, "You know what the penalty for perjury is?" The court also helped the prosecutor to elicit testimony damaging to defendant's sole defense. In addition, after the prosecutor concluded his cross-examination of defendant, the court asked defendant about 30 questions.

A trial court, exercising its supervisory role, may properly participate in the proceedings to clarify confusing testimony and expedite the trial, but it must apply its power sparingly and in an evenhanded manner (*People v Yut Wai Tom*, 53 NY2d 44, 57; *People v Moulton*, 43 NY2d 944, 945-946). The court must scrupulously avoid demonstrating "partiality, bias or hostility" so as not to influence the jury (*People v Jamison*, 47 NY2d 882, 883). "In short, the risks of unfairness are so many and potentially so great that the Judge should rarely, if ever, indulge in an extended questioning of the witnesses for either side" (*People v Yut Wai Tom, supra*, at 58). The court clearly did not exercise restraint in its lengthy examination of

defense witnesses and "appeared to display an inordinate amount of skepticism in the witness[es]' testimony" (*People v Carter*, 40 NY2d 933, 934; *see, People v Jacobsen*, 140 AD2d 938, 940). The court's questioning of witnesses was not evenhanded; the court rarely questioned prosecution witnesses. In one of those few instances, the court remedied the prosecutor's failure to have a witness make an in-court identification of defendant. In sum, "the trial court overstepped its bounds and assumed the role of a prosecutor" (*People v Zawistowski*, 168 AD2d 950; *see, People v Keller*, 67 AD2d 153, 163). Although no objection was made to the court's questions and the issue is not preserved for our review (*see,* CPL 470.05 [2]; *People v Eldridge*, 151 AD2d 966, *lv denied* 74 NY2d 808), in light of the pervasive nature of the court's improper questioning, we exercise our power to reverse the conviction as a matter of discretion in the interest of justice and grant a new trial (*see,* CPL 470.15 [6] [a]; *People v Jacobsen, supra,* at 940).

We disagree with defendant's contentions, however, that the court denigrated defense counsel in front of the jury (*see generally, People v Moulton, supra,* at 946) and that defendant was denied effective assistance of counsel (*see, People v Eldridge*, 224 AD2d 983). (Appeal from Judgment of Niagara County Court, DiFlorio, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Green, J. P., Lawton, Fallon, Doerr and Balio, JJ.