■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFAEL JIMENEZ, Appellant. [731 NYS2d 359] —Judgment, Supreme Court, New York County (Bonnie Wittner, J.), rendered May 12, 1999, convicting defendant, after a jury trial, of conspiracy in the second degree, and sentencing him to a term of 8⅓ to 25 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. In addition to testimony from two of defendant's co-conspirators, there was a wealth of evidence, including narcotics records and intercepted conversations, to prove that defendant conspired to possess and sell numerous kilograms of cocaine.

The court properly exercised its discretion when it advised a witness about the possible legal consequences of giving self-incriminating testimony regarding a murder unrelated to the conspiracy in question, and instructed the jury that it could utilize the witness's invocation of his right to refuse to answer questions related to the murder in assessing his credibility (*People v Siegel*, 87 NY2d 536). Contrary to defendant's claim, such questions pertained to a collateral matter and the court appropriately chose the least drastic alternative of giving a limiting instruction rather than striking the testimony of the witness. Concur—Tom, J. P., Andrias, Wallach and Buckley, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GENE REEVES, Appellant. [731 NYS2d 360] —Judgment, Supreme Court, New York County (Michael Corriero, J.), rendered April 1, 1999, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree and resisting arrest, and sentencing him, as a second felony offender, to concurrent terms of 4½ to 9 years and one year, respectively, unanimously affirmed.

Defendant was not deprived of a fair trial when, during voir dire, the court presented a brief, objective justification of buy-and-bust operations in general in response to a prospective juror's concern that such operations were dishonest. The court's remarks aided in the selection of a fair jury and did not exhibit any bias in favor of the prosecution or preview any of the evidence against defendant. Accordingly, the court did not exceed the bounds of its supervisory role (*see, People v Jamison*, 47 NY2d 882). Concur—Tom, J. P., Andrias, Wallach and Buckley, JJ.