OPINION OF THE COURT
 

 Ciparick, J.
 

 At issue on this appeal is whether a trial court, in the exercise of discretion, can call its own witness after both the People and the defense have rested. Under the circumstances presented here, we conclude that it was error for the court to do so.
 

 On May 12, 1998, a team from the Manhattan North Narcotics Zone that included Detective Rodriguez and Police Officer Hernandez went to an apartment in Manhattan to execute a search warrant. Detective Rodriguez had called the Police Department’s Emergency Services Unit (ESU) to assist the team in gaining entry to the apartment through a heavily reinforced door. Once at the location, ESU broke down the door, entered the apartment and “secured” the premises by handcuffing — hands behind their backs — the three people there, including defendant. The narcotics officers then entered the apartment. They reported that in addition to the discovery
 
 *65
 
 of 174 vials of crack cocaine and $1279 in cash on the floor near defendant, a search of defendant yielded 70 packets of heroin, $922 in cash and a loaded handgun tucked in the back of his waistband. Defendant was charged with criminal possession of drugs and a weapon.
 

 At a bench trial, defendant maintained he was framed by the narcotics officers who he claimed planted the drugs, cash and gun on his person. Defendant’s theory was that if those items were actually on his person when the police entered the apartment, ESU would have discovered them when they cuffed him. The People contended that, although it was the function of ESU to secure the premises, they did not always frisk or search those they handcuffed. After both sides rested, the Trial Judge called as a court witness, over defendant’s objection, an ESU member, Sergeant Miller, who had been at the scene.
 

 Supreme Court convicted defendant of criminal possession of a controlled substance in the fourth degree and criminal possession of a weapon in the third degree. The Appellate Division affirmed, finding that the Trial Judge’s decision to call Sergeant Miller as a witness was permissible “for the purpose of clarifying testimony and satisfying itself as to the truth in its role as the trier of fact” (284 AD2d 143, 144, citing
 
 People v Kovzelove,
 
 242 AD2d 477 [1st Dept],
 
 lv denied
 
 91 NY2d 875 [1997]). We now reverse.
 

 At trial, the People called as witnesses narcotics officers Detective Rodriguez and Officer Hernandez. Detective Rodriguez testified that when he and the ESU team arrived at the premises, he showed them the apartment door and then waited in the hall while ESU entered and secured the premises. He did not see what ESU did while inside. Detective Rodriguez testified that after ESU turned the scene over to the narcotics team, he searched one of the other suspects in the apartment while Officer Hernandez searched defendant. Officer Hernandez testified that, when he entered the apartment, he did not believe that the occupants had been searched by ESU prior to being handcuffed. Moreover, it was his understanding that ESU, when securing a premises, did not ordinarily frisk or search individuals before handcuffing them. Officer Hernandez also testified that upon searching defendant, he recovered the heroin and cash in addition to the handgun concealed under defendant’s clothing at the small of his back. The People did not call Sergeant Miller from ESU, although he was included on their witness list. Immediately after the People rested, defense counsel requested that Sergeant Miller be made available as a defense witness later in the day.
 

 
 *66
 
 Defendant then took the stand. He testified that he resided on an upper floor of the building and that, on the day he was arrested, he was carrying about $2500 in cash, $1500 of which he intended to give to a real estate broker as a deposit on a new apartment. Before going to meet the broker, however, he stopped at the downstairs apartment to lend money to his friend who lived there. While waiting for his friend to come home, two other individuals, defendant’s girlfriend and another neighbor, arrived at the apartment.
 
 [1]
 
 Defendant testified that, after entering, ESU officers patted him down, searched him and then placed him in handcuffs. Defendant also testified that, when Officer Hernandez entered the apartment, he asked the ESU officers whether the prisoners had been searched and was told that they had been. Defendant claimed that it was not until he was placed in a police van that Officer Hernandez told him that police had found drugs and a gun in the apartment. Defendant told Officer Hernandez that it was not his apartment and those items were not his.
 

 After defendant testified, the following exchange took place:
 

 “court: We have Sergeant Miller outside from the Emergency Services Unit. We will get him after lunch. 2:10 p.m. and have Sergeant Miller here at that time. * * *
 

 “[defense]: I would ask to be able to speak to the Sergeant so that I may not even have to call him as a witness.
 

 “court: Do it at 2 p.m.”
 

 When trial resumed for the afternoon session, defense counsel, apparently after speaking to Sergeant Miller, rested without calling any further witnesses. After discussing a motion to dismiss and the details of summation, the court inquired:
 

 “court: But you have Sergeant Miller outside, is that correct?
 

 “[people]: Sergeant Miller is outside, Judge.
 

 “court: All right. I would want to ask him a couple of questions. Bring him in, please.
 

 “[defense]: Judge, with all due respect what is the authority for your doing that?”
 

 
 *67
 
 Defense counsel placed an objection on the record. Testifying as a court witness, Sergeant Miller stated that he could not recall events on the day of defendant’s arrest. However, he testified that when securing premises, ESU did not always frisk or search individuals before handcuffing them, and there was no determining factor for when a frisk was done. During the People’s summation, the prosecutor summarized Sergeant Miller’s testimony as “at most the ESU Unit would have performed a pat down” but that the sergeant had no recollection of whether the defendant was searched at all on the day of his arrest.
 

 Although this Court has on several occasions examined whether a court’s questioning of a witness called by counsel constituted error, we have not previously considered the situation where a trial judge calls its own witness. Nonetheless, the same principles apply. Trial judges have wide discretion in directing the presentation of evidence but must exercise that discretion appropriately and without prejudice to the parties
 
 (see
 
 CPL 260.30).
 

 In our adversarial system of justice, the roles of the parties and the decision-maker are, in theory, separate and well defined (1 LaFave, Israel and King, Criminal Procedure § 1.4 [c], at 173 [2d ed]). In actuality, however, our system has evolved into what commentators have called a “modified” or “regulated” adversarial system
 
 (id.
 
 at 174). As a practical matter, trial courts sometimes must take a more active role in the presentation of evidence in order to clarify a confusing issue or to avoid misleading the trier of fact
 
 (see People v Moulton,
 
 43 NY2d 944, 945 [1978];
 
 People v Jamison,
 
 47 NY2d 882, 883 [1979]). Typically, these cases arise in the context of jury trials.
 

 While “neither the nature of our adversary system nor the constitutional requirement of a fair trial preclude a trial court from assuming an active role in the truth-seeking process,” the court’s discretion is not unfettered
 
 (Jamison,
 
 47 NY2d at 883). The overarching principle restraining the court’s discretion is that it is the function of the judge to protect the record at trial, not to make it
 
 (see People v Yut Wai Tom,
 
 53 NY2d 44, 58 [1981]). Although the law will allow a certain degree of judicial intervention in the presentation of evidence, the line is crossed when the judge takes on either the function or appearance of an advocate at trial
 
 (see id.
 
 at 58;
 
 see also People v De Jesus,
 
 42 NY2d 519 [1977];
 
 People v Mees,
 
 47 NY2d 997 [1979]).
 

 There is no absolute bar to a trial court asking a particular number of questions of a seated witness
 
 (see Yut Wai Tom,
 
 53
 
 *68
 
 NY2d 44;
 
 Mees,
 
 47 NY2d 997); or recalling a witness to the stand
 
 (see Thom v Jaymee Fashions,
 
 35 AD2d 946 [1970],
 
 affd
 
 29 NY2d 534 [1971];
 
 see also People v Kovzelove,
 
 242 AD2d 477,
 
 lv denied
 
 91 NY2d 875); or even allowing the People in narrow circumstances to re-open their case after a defense motion for a trial order of dismissal
 
 (see People v Whipple,
 
 97 NY2d 1 [2001]), when doing so advances the goals of truth and clarity. A court may not, however, assume the advocacy role traditionally reserved for counsel
 
 (see e.g. Matter of Carroll v Gammerman,
 
 193 AD2d 202 [1993]), and in order to avoid this, the court’s discretion to intervene must be exercised sparingly
 
 (People v Jamison,
 
 47 NY2d at 883).
 
 [2]
 

 We do not hold that a court may never call its own witness over the objection of a party. In those unusual circumstances in which a court feels compelled to do so, it should explain why, and invite comment from the parties. In that way, the court can consider what it aims to gain against any claims of possible prejudice. Moreover, an appellate court will have a basis on which to review the trial court’s exercise of discretion. In the case before us, the trial court gave no reason for calling the witness and did not articulate the consequences of doing so. The court simply called the witness after both sides had rested and had consciously and deliberately chosen not to call him.
 

 Under the circumstances of this case, the court abused its discretion as a matter of law. It assumed the parties’ traditional role of deciding what evidence to present, and introduced evidence that had the effect of corroborating the prosecution’s witnesses and discrediting defendant on a key issue. It was clear by the time Sergeant Miller was called to the stand that his testimony would bear directly on the contested issue of whether ESU searched defendant when they placed him in handcuffs. The dispute on this crucial issue came down to a choice between defendant’s testimony and that of Officer Hernandez. In its effect, Sergeant Miller’s testimony did not either bolster or directly contradict defendant’s testimony, since Miller could
 
 *69
 
 not recall what occurred in the apartment on the day of defendant’s arrest. His testimony regarding ESU practice was however the only statement by an ESU member that cast doubt on defendant’s claim that he was searched before the narcotics team entered the apartment.
 

 Although it does not appear from the record that the Trial Judge intended to give an advantage to either side, he abused his discretion in calling Sergeant Miller on a key issue when both parties chose not to. By calling Sergeant Miller, the court deprived defendant of the ability to request that the trier of fact draw a negative inference from the People’s failure to produce an ESU officer during its case. Loss of that inference, coupled with the generally damaging testimony of Sergeant Miller, create a significant probability that the verdict would have been affected had the error not occurred (see
 
 People v Crimmins,
 
 36 NY2d 230, 242 [1975]). Thus we cannot say the error was harmless.
 

 Accordingly, the order of the Appellate Division should be reversed and the case remitted to Supreme Court for a new trial.
 

 Chief Judge Kaye and Judges Smith, Levine, Wesley, Rosenblatt and Graffeo concur.
 

 Order reversed and a new trial ordered.
 

 [1]
 

 . The two other individuals, also arrested and charged, pleaded guilty to misdemeanor drug possession.
 

 [2]
 

 . We, of course, do not deal here with a case calling for special expertise, or other such circumstances, that may require a trial court to call its own witness (see
 
 e.g.
 
 Family Ct Act § 350.4 [2]). We note that, even among jurisdictions where a rule of evidence or statute allows a court to call a witness, the practice is “not particularly desirable” and should be engaged in sparingly, so as to retain the court’s impartiality (see
 
 e.g. Smith v United States,
 
 331 F2d 265, 273-275 [8th Cir],
 
 cert denied
 
 379 US 824,
 
 reh denied
 
 379 US 940 [1964];
 
 State v Davis,
 
 566 SW2d 437, 447-448 [Mo 1978]; see
 
 also State v Medeiros, 80
 
 Haw 251, 259, 909 P2d 579, 587 [1995]).