■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARCHIE CHATMAN, Appellant. [789 NYS2d 208]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Blumenfeld, J.), rendered January 15, 2002, convicting him of robbery in the second degree, assault in the second degree, assault in the third degree, criminal contempt in the first degree, criminal contempt in the second degree (two counts), and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and a new trial is ordered.

The defendant failed to preserve for appellate review his contention that the evidence was legally insufficient to establish his guilt of criminal contempt in the first degree and criminal contempt in the second degree beyond a reasonable doubt. We decline to exercise our interest of justice jurisdiction to dismiss those charges. Had the defendant made a timely objection, the prosecution might have been able to cure the deficiency (*see People v Prescott,* 191 AD2d 521, 522 [1993]).

Nevertheless, the judgment must be reversed and a new trial ordered. The course of conduct of the trial judge was such that he assumed the appearance of an advocate at the trial by his extensive examination of certain witnesses (*see People v Arnold,* 98 NY2d 63, 67-68 [2002]; *cf. People v Robinson,* 3 AD3d 404 [2004]). "[W]hile a trial judge may intervene in a trial to clarify confusing testimony and facilitate the orderly and expeditious progress of the trial, the court may not take on 'the function or appearance of an advocate' " (*People v Zamorano,* 301 AD2d 544, 546 [2003], quoting *People v Arnold, supra* at 67; *cf. People v Jamison,* 47 NY2d 882, 883 [1979]). "In last analysis [the trial judge] should be guided by the principle that his [or her] function is to protect the record, not to make it" (*People v Yut Wai Tom,* 53 NY2d 44, 58 [1981]).

The trial judge improperly elicited from the investigating detective testimony that the defendant did not mention his alleged alibi at the time of his arrest, and refused to answer any questions. "It is well established that a defendant's postarrest silence may not be used against him for impeachment purposes because it may violate due process and his privilege against self-incrimination" (*People v Larsen*, 145 AD2d 976, 977 [1988]; *see People v Basora*, 75 NY2d 992, 993 [1990]). The detective's testimony allowed the jury to impermissibly draw "an adverse inference from [the defendant's] failure to raise his alibi defense" (*People v Moxley*, 138 AD2d 951 [1988]). This, together with the trial judge's extensive questioning of the defendant's alibi witness, created the appearance of advocacy.

Although no objection was interposed at the trial, under the circumstances of this case, we reach the issue in the exercise of our interest of justice jurisdiction since the trial judge's excessive intrusion deprived the defendant of his right to a fair trial (*see People v Zamorano, supra* at 547).

The defendant's remaining contentions either are without merit or are unpreserved for appellate review and, in those instances, we decline to reach them in the exercise of our interest of justice jurisdiction. Altman, J.P., Adams, Goldstein and Crane, JJ., concur.