In the Matter of YADIEL ROQUE C., Appellant. WAYNE COUNTY ATTORNEY, Respondent. [793 NYS2d 857]—

Appeal from an order of the Family Court, Wayne County (Stephen R. Sirkin, J.), entered July 29, 2004 in a proceeding pursuant to Family Court Act article 3. The order adjudged that respondent is a juvenile delinquent and placed him in the custody of the New York State Office of Children and Family Services for a period of 12 months.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed in the interest of justice without costs and the matter is remitted to Family Court, Wayne County, for a new fact-finding hearing.

Memorandum: Respondent appeals from an order adjudicating him to be a juvenile delinquent based on the finding that he committed an act that, if committed by an adult, would constitute the crime of unauthorized use of a vehicle in the third degree (Penal Law § 165.05 [1]) and placing him in the custody of the New York State Office of Children and Family Services for a period of 12 months. Respondent contends that Family Court erred in denying his motion to dismiss at the close of the presentment agency's case inasmuch as there is insufficient proof that respondent knew that he did not have the consent of the owner when he was operating the motor vehicle. By failing to raise that contention in his motion to dismiss at the close of the presentment agency's case, respondent has failed to preserve that contention for our review (*see generally People v Gray*, 86 NY2d 10, 19 [1995]). In any event, the proof is legally sufficient inasmuch as the court, as the trier of fact, was entitled to presume that respondent knew that he lacked consent to operate the motor vehicle based on the evidence that he was found operating the vehicle and did not have the consent of the owner to do so (*see* Penal Law § 165.05 [1]).

Respondent also contends that he was denied a fair trial by the court's intrusive conduct during the fact-finding hearing. Although respondent's contention is not preserved for our review (*see People v Charleston*, 56 NY2d 886, 887 [1982]; *People v Maddox*, 236 AD2d 832, 833 [1997], *lv denied* 89 NY2d 1037 [1997]), we nevertheless review that contention in the interest of justice (*see Matter of Nicholas M.*, 11 AD3d 545, 546 [2004]). Although "a trial judge may intervene in a trial to clarify confusing testimony and facilitate the orderly and expeditious progress of the trial, the court may not take on 'the function or appearance of an advocate' " (*People v Zamorano*, 301 AD2d 544, 546 [2003], quoting *People v Arnold*, 98 NY2d 63, 67 [2002]; *see People v Chatman*, 14 AD3d 620 [2005]; *cf. People v Jamison*, 47 NY2d 882, 883 [1979]). "In last analysis, . . . [the trial judge] should be guided by the principle that his [or her] function is to protect the record, not to make it" (*People v Yut Wai Tom*, 53 NY2d 44, 58 [1981]; *see Chatman*, 14 AD3d at 620; *People v Mendez*, 225 AD2d 1051 [1996]). That principle applies in bench trials (*see Arnold*, 98 NY2d at 67-68), including juvenile delinquency proceedings (*see Matter of Carlos S.*, 5 AD3d 1051 [2004], *lv denied* 2 NY3d 707 [2004]). Here, "[t]he course of conduct of the trial judge was such that he assumed the appearance of an advocate at the trial by his extensive examination of certain witnesses" (*Chatman*, 14 AD3d at 620; *see Arnold*, 98 NY2d at 67-68; *cf. People v Robinson*, 3 AD3d 404 [2004], *lv denied* 2 NY3d 765 [2004]). We therefore reverse the order and remit the matter to Family Court for a new fact-finding hearing. Present—Gorski, J.P., Smith, Pine and Hayes, JJ.