■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFAEL RODRIGUEZ, Appellant. [908 NYS2d 652]—

Judgment, Supreme Court, New York County (William A. Wetzel, J., at suppression motion; Michael R. Ambrecht, J., at trial and sentence), rendered December 14, 2007, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the first degree and conspiracy in the second degree, and sentencing him to concurrent terms of 17 years and

5 to 15 years, unanimously modified, on the law, to the extent of remitting the matter to Supreme Court for the sole purpose of imposing a term of postrelease supervision in defendant's presence, and otherwise affirmed.

The court's summary denial of the portion of defendant's suppression motion that sought to suppress eavesdropping evidence on the ground of lack of CPL 700.50 (3) notice was proper. As relevant to this case, the statute directs that the named subject of an eavesdropping warrant, such as defendant, be notified of the existence of the warrant within 90 days of its termination.

Federal courts have held that under 18 USC § 2518 (8) (d), the federal equivalent of CPL 700.50 (3), no suppression remedy properly flows from a post-termination notice violation without a showing of prejudice to a defendant named as a target in the eavesdropping warrant (*see United States v Fury*, 554 F2d 522, 528-529 [2d Cir 1977], *cert denied* 436 US 931 [1978]). In light of the general principles stated by the Court of Appeals in *People v Bialostok* (80 NY2d 738, 746-748 [1993]), as well as the language of CPL 700.50 (3), we hold, consistent with federal law, that suppression of wiretap evidence based on the People's failure strictly to observe the statute's notice requirement is not warranted without a showing of prejudice.

In contrast to CPL 700.70, which explicitly bars the use of wiretap evidence at trial unless the People, within 15 days after arraignment, furnish the defendant with a copy of the warrant and application, CPL 700.50 (3) does not set forth a consequence for failure to comply with its notice provisions. Furthermore, suppression of wiretap evidence in the absence of a showing of prejudice would run counter to the "commonsense balance between the rights of . . . defendant[s] and the needs of law enforcement" (*Bialostok*, 80 NY2d at 747). Applying the prejudice rule here, we find that defendant failed to allege any prejudice that would have warranted a hearing on his suppression argument that the People had failed to comply with CPL 700.50 (3). Defendant received proper notice of the warrant at his arraignment, and had a full opportunity to challenge its legality.

The trial court properly exercised its discretion in denying defendant's mistrial motion, made on the ground that the court had improperly taken on the role of an advocate in rehabilitating a prosecution witness and had conveyed to the jury its belief in the witness's credibility. The court's limited participation in the examination of this witness did not deprive defendant of a fair trial, and the court did not take on "either the function or appearance of an advocate" (*People v Arnold*, 98 NY2d 63, 67

[2002]) or suggest to the jury that it had an opinion. Furthermore, the court's charge was sufficient to prevent any prejudice in this regard. Defendant's remaining challenges to the court's conduct of the trial are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits.

When, at trial, the People introduced a document into evidence under the past recollection recorded exception to the hearsay rule, defendant's sole objection was that the hearsay exception only applies when the testifying witness personally authors the document. However, that argument is unavailing (*see People v Taylor*, 80 NY2d 1, 9 [1992]). Defendant's remaining challenges to this document are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we find that any error in receipt of this document was harmless.

We perceive no basis for reducing the sentence. However, as the People concede, a remand is required for proper imposition of postrelease supervision. Concur—Andrias, J.P., Friedman, Renwick, Richter and Manzanet-Daniels, JJ.