THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY REYNOLDS, Appellant. [935 NYS2d 97]—

The complainant and the defendant have a son (hereinafter the son), who was born in 2004 and resides with the complainant. After breaking off his relationship with the complainant, the defendant married another woman, and fathered a child with that woman. The defendant testified at trial, and contends on appeal, that the complainant became vindictive after he became romantically involved with the woman who is now his wife.

On September 6, 2008, less than one month after the defendant filed a petition in the Family Court seeking custody of the son, the complainant told the police that the defendant had threatened her over the telephone. The defendant was charged with harassment in the second degree and two counts of at-

tempted aggravated harassment in the second degree. Additional charges were dropped prior to trial. A nonjury trial was conducted, at which the complainant and her mother testified for the People, and the defendant, the defendant's wife, and a friend of the defendant testified for the defense. The Supreme Court convicted the defendant of all three remaining counts.

"Every defendant has the right to a trial before an unbiased court" (*People v Zamorano*, 301 AD2d 544, 545 [2003]). The record reflects that the trial court exhibited bias against the defense witnesses on numerous occasions. Specifically, the trial court repeatedly interjected itself into the direct and cross examinations of the defense witnesses, even though there was rarely any need to clarify their testimony (*cf. People v Jamison*, 47 NY2d 882, 884 [1979]; *People v Sevencan*, 258 AD2d 485, 485-486 [1999]). Rather, the trial court's queries clearly reflected that the trial court deemed the innocuous explanations provided by the defense witnesses to be incredible (*see People v Retamozzo*, 25 AD3d 73, 88 [2005]; *People v Zamorano*, 301 AD2d at 546-547). Although this issue is unpreserved for appellate review, we review it in the exercise of our interest of justice jurisdiction (*see People v Retamozzo*, 25 AD3d at 88; *People v Chatman*, 14 AD3d 620, 621 [2005]; *People v Zamorano*, 301 AD2d at 544).

The overarching issue at trial was witness credibility. The complainant and her mother frequently contradicted themselves and one another on key issues. By contrast, the defense witnesses' version of events was consistent, plausible under the circumstances, and supported by telephone records. The evidence against the defendant, who had never been arrested prior to this incident, was far less than overwhelming. Moreover, after the defense rested, the Trial Justice informed the prosecutor and the defendant that her intern had looked on the internet and provided her with information regarding the timing of an event discussed by the defense witnesses. According to the Trial Justice, this new information "br[ought] into question" the defense witnesses' credibility. The defendant moved for a mistrial on the ground that the finder of fact relied on facts not in evidence, and the Supreme Court denied the motion. Despite the insistence of the Trial Justice that she would not consider this new information, the bias she had already expressly exhibited was compounded by the impropriety inherent in adducing facts from a source outside of the confines of the trial. On this record, we cannot say that the outcome of this trial was not affected by judicial bias. Accordingly, the defendant is entitled to a new trial before a different Justice (*see People v Zamorano*, 301 AD2d at 547).

In light of our determination, we need not address the defendant's remaining contention. Florio, J.P., Balkin, Belen and Chambers, JJ., concur.