■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v YUSHUMPREE DAVIS, Appellant. [47 NYS3d 455]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hollie, J.), rendered July 25, 2013, convicting him of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, as a matter of discretion in the interest of justice, and the matter is remitted to the Supreme Court, Queens County, for a new trial before a different Justice.

The charges against the defendant arise from an incident at a banquet hall during a private party. A witness for the People, a female security guard, testified that she recovered a gun from the defendant's person as he entered the banquet hall. The manager of the banquet hall testified to having seen the female security guard remove a weapon from the defendant's clothing. A male security guard was also present and in the vicinity of these events, as per those witnesses. However, the male security guard was not called to testify at trial. The female security guard testified that after she recovered the gun, the defendant fled, pursued by the male security guard and the manager. According to the female security guard, the defendant was wearing a yellow shirt. The female security guard testified that at around this same time, a scuffle occurred between several people in front of the club, including a man wearing a white shirt, and someone cried out, "gun." The female security guard testified that she then called the 911 emergency number and reported a man with a white shirt waving a gun. She testified, however, that she had never seen the man in the white shirt with a gun. She did not inform the 911 operator about her recovery of the gun from the defendant inside the banquet hall, nor did she describe the defendant to the 911 operator.

A police officer testified that he and his partner apprehended the defendant near the scene, hiding beneath a parked vehicle. The defendant was returned to the banquet hall, and after a discussion between the female security guard and the officers, he was arrested. The jury convicted the defendant of criminal possession of a weapon in the second and third degrees and resisting arrest.

The Supreme Court did not err in denying the defendant's untimely request for a missing witness charge with respect to the male security guard (see *People v Barber*, 133 AD3d 868, 870 [2015]; *People v Woods*, 275 AD2d 332 [2000]).

However, the Supreme Court conducted excessive and prejudicial questioning of trial witnesses, warranting a new trial. Although defense counsel did not object to the questioning of witnesses by the court, we reach this contention in the exercise of our interest of justice jurisdiction (*see* CPL 470.15 [6] [a]; *see also People v Yut Wai Tom*, 53 NY2d 44, 55 [1981]). "[W]hile a trial judge may intervene in a trial to clarify confusing testimony and facilitate the orderly and expeditious progress of the trial, the court may not take on 'the function or appearance of an advocate' " (*People v Zamorano*, 301 AD2d 544, 546 [2003], quoting *People v Arnold*, 98 NY2d 63, 67 [2002]; *see People v Chatman*, 14 AD3d 620, 620 [2005]). "In last analysis, [the trial judge] should be guided by the principle that his [or her] function is to protect the record, not to make it" (*People v Yut Wai Tom*, 53 NY2d at 58; *see People v Chatman*, 14 AD3d at 620). "[T]he line is crossed when the judge takes on either the function or appearance of an advocate at trial" (*People v Arnold*, 98 NY2d at 67; *see People v Yut Wai Tom*, 53 NY2d at 58). Indeed, "even proper questions from trial judges present significant risks of prejudicial unfairness, particularly when the trial judge 'indulge[s] in an extended questioning' of witnesses" (*People v Retamozzo*, 25 AD3d 73, 87 [2005], quoting *People v Yut Wai Tom*, 53 NY2d at 58).

Here, the Supreme Court engaged in extensive questioning of witnesses. The court elicited step-by-step details regarding the female security guard's recovery of the gun from the defendant. In addition, the court elicited details regarding the manager's observation of the defendant's gun and the 911 call made by the female security guard, in which she did not report her recovery of a gun from the defendant. The court extensively questioned a defense witness as to his observation of events on the night in question. The court further questioned that defense witness as to whether he had made false statements to the police and before the grand jury in connection with a prior robbery conviction. Under these circumstances, the court's improper interference with the conduct of the trial deprived the defendant of a fair trial, and a new trial is warranted (*see People v Reynolds*, 90 AD3d 956, 957 [2011]; *Matter of Jacqulin M.*, 83 AD3d 844, 845 [2011]; *People v Retamozzo*, 25 AD3d at 87; *see also People v Chatman*, 14 AD3d at 620).

Since there must be a new trial, we note that the prosecutor made improper summation comments regarding the failure of the defendant to communicate certain information to the police at the time of his apprehension (*see People v Brisco*, 145 AD3d 1028 [2d Dept 2016]; *People v McArthur*, 101 AD3d 752, 753

[2012]; *see also People v Tucker*, 87 AD3d 1077, 1080-1081 [2011]).

In light of our determination, we need not reach the defendant's remaining contention. Mastro, J.P., Austin, Miller and Maltese, JJ., concur.