Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered June 1, 2015, convicting him of murder in the second degree, assault in the second degree (three counts), and endangering the welfare of a child (two counts), upon a jury verdict, and imposing sentence.
 

 Ordered that the judgment is reversed, as a matter of discretion in the interest of justice, and the matter is remitted to the Supreme Court, Kings County, for a new trial.
 

 After a jury trial, the defendant was convicted of murder in the second degree, three counts of assault in the second degree, and two counts of endangering the welfare of a child, based on a series of physical altercations involving four victims, all of which occurred on a single day inside the Brooklyn home in which the defendant and the victims resided.
 

 During the course of the trial, the Supreme Court repeatedly and prejudicially questioned the defendant, who testified in his own behalf, and also extensively intervened in the questioning of prosecution witnesses. Although defense counsel did not specifically object to the court’s questioning of the witnesses (cf. People v Yut Wai Tom, 53 NY2d 44, 55-56 [1981]), we reach this contention in the exercise of our interest of justice jurisdiction (see CPL 470.15 [6] [a]; People v Davis, 147 AD3d 1077 [2017]).
 

 While trial judges play a vital role in “clarifying confusing testimony and facilitating the orderly and expeditious progress of the trial,” their power to examine witnesses “is one that should be exercised sparingly” (People v Yut Wai Tom, 53 NY2d at 57). Indeed, such power “carries with it so many risks of unfairness that it should be a rare instance when the court rather than counsel examines a witness” (id.).
 

 Here, the Supreme Court effectively took over the direct examination of one of the complaining witnesses at key moments in her testimony where she was describing how the defendant shot the victim (see People v Robinson, 151 AD3d 758, 759-760 [2017]). Moreover, in its extensive questioning of the defendant, the court repeatedly highlighted apparent inconsistencies in the defendant’s testimony. Viewing the record as a whole, the court assumed the appearance, if not the function, of an advocate at the trial by its extensive examination of certain witnesses (see id. at 761-762). Accordingly, we must remit the matter to the Supreme Court, Kings County, for a new trial.
 

 As a new trial must be ordered, we note that it was improper for the prosecutor to elicit from the defendant the fact that he was incarcerated pending trial (see People v Machicote, 251 AD2d 684 [1998]; People v Connor, 137 AD2d 546, 550 [1988]), as no legitimate State interest was served by disclosing that information under the circumstances of this case (cf. People v Jenkins, 88 NY2d 948 [1996]).
 

 The defendant’s remaining contention is without merit (see People v Rielly, 190 AD2d 695, 697 [1993]).
 

 Rivera, J.P., Chambers, Duffy and Iannacci, JJ., concur.