■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HOWARD CLARKE, Appellant. [66 NYS3d 486]—

Judgment, Supreme Court, New York County (Lewis Bart Stone, J.), rendered December 2, 2010, as amended January 18, 2011, convicting defendant, after a jury trial, of attempted gang assault in the first degree, assault in the second degree, and robbery in the second degree (two counts), and sentencing him to concurrent terms of 6 years, unanimously affirmed. The matter is remitted to Supreme Court for further proceedings pursuant to CPL 460.50 (5).

Defendant did not preserve his claim of improper judicial interference during the trial (*see People v Charleston*, 56 NY2d 886 [1982]), and we reject his argument that there was a mode of proceedings error exempt from preservation requirements. We decline to review this unpreserved claim in the interest of justice. As an alternative holding, we find no basis for reversal. To the extent that any remarks by the court or other aspects of its conduct of the trial were inappropriate, we conclude that the court maintained sufficient neutrality to avoid undermining defendant's right to a fair trial (*see People v Arnold*, 98 NY2d 63, 67 [2002]; *People v Moulton*, 43 NY2d 944 [1978]). Although certain proceedings relating to a missing witness issue involving a female friend of defendant should have been conducted outside the jury's presence, the record does not demonstrate that defendant was prejudiced.

The only preserved aspect of defendant's claim of prosecutorial error is his argument that the People returned jewelry stolen from the victims without providing the notice required by CPL 450.10; however, the record supports the court's finding that any prejudice caused by the absence of the physical evidence was sufficiently minimized by photos of the jewelry introduced at trial. Defendant's remaining claims of prosecutorial error in questioning witnesses, summation, and other mat-

ters are unpreserved, and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal (*see People v D'Alessandro*, 184 AD2d 114, 119 [1st Dept 1992], *lv denied* 81 NY2d 884 [1993]; *People v Overlee*, 236 AD2d 133, 143 [1st Dept 1997], *lv denied* 91 NY2d 976 [1998]).

Furthermore, we find that any error related to the conduct of the court and prosecutor was harmless in light of the overwhelming evidence of guilt (*see People v Crimmins*, 36 NY2d 230 [1975]).

Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they generally involve matters not reflected in, or fully explained by, the record, including counsel's trial preparation and strategic choices (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]). Defendant has not shown that any of counsel's alleged deficiencies fell below an objective standard of reasonableness, or that, viewed individually or collectively, they deprived defendant of a fair trial or affected the outcome of the case. In particular, defendant has not established that he was prejudiced by his trial attorney's failure to preserve certain issues that defendant raises on appeal.

Nothing in the record supports defendant's claim that he was harmed by any actions taken by the attorneys for the jointly tried codefendants. Concur—Gische, J.P., Webber, Oing, Singh and Moulton, JJ.