People v Hinds (2018 NY Slip Op 02804)





People v Hinds


2018 NY Slip Op 02804


Decided on April 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
SANDRA L. SGROI
JEFFREY A. COHEN, JJ.


2014-07381
 (Ind. No. 1472/13)

[*1]The People of the State of New York, respondent,
v
Christopher Hinds, appellant.


Paul Skip Laisure, New York, NY (Sean H. Murray of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Ellen C. Abbot, and Matthew Luongo of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Ronald D. Hollie, J.), rendered June 30, 2014, convicting him of robbery in the second degree and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is reversed, on the law, and the matter is remitted to the Supreme Court, Queens County, for a new trial before a different Justice.
After a jury trial, the defendant was convicted of robbery in the second degree and criminal possession of stolen property in the fifth degree. One of the defendant's contentions on appeal is that he was deprived of his right to a fair trial by the Supreme Court's unwarranted and pervasive interference in the examination of the witnesses at trial (see People v Robinson, 151 AD3d 758; People v Davis, 147 AD3d 1077, 1079).
"While neither the nature of our adversary system nor the constitutional requirement of a fair trial preclude a trial court from assuming an active role in the truth-seeking process,' the court's discretion in this area is not unfettered" (People v Robinson, 151 AD3d at 759, quoting People v Jamison, 47 NY2d 882, 883). The principle restraining the court's discretion is that a trial judge's "function is to protect the record, not to make it" (People v Yut Wai Tom, 53 NY2d 44, 58). Indeed, when the trial judge interjects often and indulges in an extended questioning of witnesses, even where those questions would be proper if they came from trial counsel, the trial judge's participation presents significant risks of prejudicial unfairness (see People v Robinson, 151 AD3d 758; People v Davis, 147 AD3d at 1079). Accordingly, while a trial judge may intervene in a trial to clarify confusing testimony and facilitate the orderly and expeditious progress of the trial, the court may not take on "the function or appearance of an advocate" (People v Arnold, 98 NY2d 63, 67; see People v Davis, 147 AD3d at 1079).
Here, the Supreme Court interjected itself into the questioning of witnesses more than 50 times, asking more than 400 questions. The court elicited step-by-step details from several officers regarding their observations and actions during their apprehension of the defendant. In addition, the court elicited and assisted in developing facts damaging to the defense on direct examination of the People's witnesses, bolstering the witnesses' credibility. The court also [*2]interrupted cross-examination and generally created the impression that it was an advocate on behalf of the People. Under these circumstances, the court's improper interference with the conduct of the trial deprived the defendant of a fair trial, and a new trial is warranted (see People v Robinson, 151 AD3d 758; People v Davis, 147 AD3d at 1079).
Since there must be a new trial, we need not reach the defendant's remaining contention.
MASTRO, J.P., ROMAN, SGROI and COHEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court