People v Sookdeo (2018 NY Slip Op 06040)





People v Sookdeo


2018 NY Slip Op 06040


Decided on September 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
ANGELA G. IANNACCI, JJ.


2017-02647
 (Ind. No. 1693/14)

[*1]The People of the State of New York, respondent,
v
Lutchman Sookdeo, appellant.


Christopher Renfroe, Forest Hills, NY (Eric Renfroe of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Kathryn Mullen of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Ronald D. Hollie, J.), rendered February 15, 2017, convicting him of gang assault in the second degree, assault in the second degree, and assault in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is reversed, as a matter of discretion in the interest of justice, and the matter is remitted to the Supreme Court, Queens County, for a new trial before a different justice.
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348-349), we accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt of gang assault in the second degree was not against the weight of the evidence (see CPL 470.15[5]; People v Romero, 7 NY3d 633).
However, there must be a new trial, before a different justice, because the Supreme Court conducted excessive and prejudicial questioning of trial witnesses. Although defense counsel did not object to most instances of judicial interference, we reach this contention in the exercise of our interest of justice jurisdiction (see CPL 470.15[6][a]; People v Davis, 147 AD3d 1077, 1079). "While neither the nature of our adversary system nor the constitutional requirement of a fair trial preclude a trial court from assuming an active role in the truth-seeking process,' the court's discretion in this area is not unfettered" (People v Robinson, 151 AD3d 758, 759, quoting People v Storfs, 47 NY2d 882, 883). The principle restraining the court's discretion is that a trial judge's "function is to protect the record, not to make it" (People v Yut Wai Tom, 53 NY2d 44, 58). Indeed, when the trial judge interjects often and indulges in an extended questioning of witnesses, even where those questions would be proper if they came from trial counsel, the trial judge's participation presents significant risks of prejudicial unfairness (see People v Robinson, 151 AD3d 758; People v Davis, 147 AD3d at 1079). Accordingly, while a trial judge may intervene in a trial to clarify confusing testimony and facilitate the orderly and expeditious progress of the trial, the court may not take on "the function or appearance of an advocate" (People v Arnold, 98 NY2d 63, 67; see People v Davis, 147 AD3d at 1079).
Here, the Supreme Court interjected itself into the questioning of multiple witnesses, elicited step-by-step details about how the defendant was identified by witnesses as a suspect, and generally created the impression that it was an advocate for the People. Under the circumstances, the court's improper interference deprived the defendant of a fair trial, and a new trial before a different justice is warranted (see People v Hinds, 160 AD3d 983; People v Robinson, 151 AD3d 758; People v Davis, 147 AD3d at 1079).
The defendant's remaining contentions are without merit.
LEVENTHAL, J.P., COHEN, HINDS-RADIX and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court