People v Ramsey (2019 NY Slip Op 05571)





People v Ramsey


2019 NY Slip Op 05571


Decided on July 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
ROBERT J. MILLER, JJ.


2017-06019
 (Ind. No. 2764/15)

[*1]The People of the State of New York, respondent,
v
Darnell Ramsey, appellant.


Robert DiDio, Kew Gardens, NY (Bonnie C. Brennan of counsel), for appellant.
John M. Ryan, Acting District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Christopher J. Blira-Koessler of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Ronald Hollie, J.), rendered May 24, 2017, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is reversed, as a matter of discretion in the interest of justice, and the matter is remitted to the Supreme Court, Queens County, for a new trial before a different Justice.
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348-349), we accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see CPL 470.15[5]; People v Romero, 7 NY3d 633).
However, there must be a new trial, before a different Justice, because the Supreme Court conducted excessive and prejudicial questioning of trial witnesses. Although defense counsel did not object to the questioning of witnesses by the court, we reach this contention in the exercise of our interest of justice jurisdiction (see CPL 470.15[6][a]; People v Sookdeo, 164 AD3d 1268, 1269-1270; People v Davis, 147 AD3d 1077, 1079).
"[W]hile a trial judge may intervene in a trial to clarify confusing testimony and facilitate the orderly and expeditious progress of the trial, the court may not take on the function or appearance of an advocate'" (People v Zamorano, 301 AD2d 544, 546, quoting People v Arnold, 98 NY2d 63, 67; see People v Chatman, 14 AD3d 620, 620). "The principle restraining the court's discretion is that a trial judge's function is to protect the record, not to make it'" (People v Sookdeo, 164 AD3d at 1269; see People v Yut Wai Tom, 53 NY2d 44, 58; People v Hinds, 160 AD3d 983, 984). Hence, "when the trial judge interjects often and indulges in an extended questioning of witnesses, even where those questions would be proper if they came from trial counsel, the trial judge's participation presents significant risks of prejudicial unfairness" (People v Sookdeo, 164 [*2]AD3d at 1269; see People v Davis, 147 AD3d at 1079).
In this case, the Supreme Court engaged in extensive questioning of witnesses, usurped the roles of the attorneys, elicited and assisted in developing facts damaging to the defense on direct examination of the People's witnesses, bolstered the witnesses' credibility, interrupted cross-examination, and generally created the impression that it was an advocate on behalf of the People. The court's improper interference deprived the defendant of a fair trial, and a new trial before a different Justice is warranted (see People v Sookdeo, 164 AD3d at 1269-1270; People v Hinds, 160 AD3d at 984; People v Robinson, 151 AD3d 758, 759; People v Davis, 147 AD3d at 1079).
In light of our determination, we need not reach the defendant's remaining contentions.
AUSTIN, J.P., LEVENTHAL, ROMAN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court