People v Smith (2020 NY Slip Op 01937)





People v Smith


2020 NY Slip Op 01937


Decided on March 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2012-02631
 (Ind. No. 2368/08)

[*1]The People of the State of New York, respondent,
v
Taisha Smith, appellant.


Patterson Belknap Webb & Tyler, LLP, New York, NY (Daniel S. Ruzumna, Sara A. Arrow, and Jeffrey C. Skinner of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Nancy Fitzpatrick Talcott of counsel), for respondent.



DECISION & ORDER
Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated April 20, 2016 (People v Smith, 138 AD3d 1038), affirming a judgment of the Supreme Court, Queens County (Ronald D. Hollie, J.), rendered February 29, 2012. By decision and order on motion of this Court dated September 24, 2019, the appellant was granted leave to file a brief on the issue of "whether the Supreme Court excessively and prejudicially interfered with the examination of witnesses, thereby depriving her of a fair trial (People v Robinson, 151 AD3d 758)," and the coram nobis application was held in abeyance in the interim. The parties have now filed their respective briefs.
ORDERED that the application is granted, and the decision and order of this Court dated April 20, 2016, is vacated; and it is further,
ORDERED the judgment is reversed, on the law, and the matter is remitted to the Supreme Court, Queens County, for a new trial before a different Justice.
We agree with the defendant's contention on this application for a writ of error coram
nobis that she was denied the effective assistance of appellate counsel based on former appellate counsel's failure to contend on the appeal that the Supreme Court's unwarranted and pervasive interference in its examination of witnesses operated to deprive the defendant of a fair trial. The defendant was tried jointly with codefendant Dylesha Robinson on charges predicated upon a series of physical altercations that took place outside of an apartment complex in Queens in which four victims were injured. The defendant was convicted of assault in the first degree (two counts), assault in the second degree (three counts), and criminal possession of a weapon in the fourth degree, and Robinson was convicted of assault in the second degree (three counts) and criminal possession of a weapon in the fourth degree. On the defendant's appeal, she contested the legal and factual sufficiency of the convictions and stated that she joined "in any claims in the as yet un-filed brief of co-defendant Dylesha Robinson that are consistent with [defendant's] interests and would afford her relief." This Court affirmed the defendant's convictions, rejecting the defendant's challenge to the [*2]legal and factual sufficiency of those convictions, and specifically stated that we had "no basis upon which to consider any arguments in an as-yet to be filed brief of a codefendant" (People v Smith, 138 AD3d 1038, 1038-1039). By contrast, Robinson, on her appeal, raised the claim that she was deprived of a fair trial by the Supreme Court's unwarranted and pervasive interference in the examination of witnesses at trial (see People v Robinson, 151 AD3d 758). This Court reversed Robinson's convictions on that ground and ordered a new trial, concluding that the court had exercised little or no restraint in questioning witnesses at length and improperly " assume[d] the advocacy role traditionally reserved for counsel'" (id. at 759, quoting People v Arnold, 98 NY2d 63, 68).
"Trial judges have wide discretion in directing the presentation of evidence but must exercise that discretion appropriately and without prejudice to the parties" (People v Arnold, 98 NY2d at 67; see CPL 260.30). While "neither the nature of our adversary system nor the constitutional requirement of a fair trial preclude a trial court from assuming an active role in the truth-seeking process," the court's discretion in this area is not unfettered (People v Jamison, 47 NY2d 882, 883; see People v Arnold, 98 NY2d at 67; People v Yut Wai Tom, 53 NY2d 44, 57-58; People v Keppler, 92 AD2d 1032). "The overarching principle restraining the court's discretion is that it is the function of the judge to protect the record at trial, not to make it. Although the law will allow a certain degree of judicial intervention in the presentation of evidence, the line is crossed when the judge takes on either the function or appearance of an advocate at trial" (People v Arnold, 98 NY2d at 67 [citation omitted]; see People v Chatman, 14 AD3d 620, 620). Thus, while there is no absolute bar to a trial court asking a particular number of questions of the witnesses in order to advance the goals of truth and clarity, a court may not "assume the advocacy role traditionally reserved for counsel, and in order to avoid this, the court's discretion to intervene must be exercised sparingly" (People v Arnold, 98 NY2d at 68 [citation omitted]).
Under the circumstances of this case, the defendant's former appellate counsel was ineffective in failing to argue that the Supreme Court's unwarranted and pervasive interference in its examination of witnesses operated to deprive the defendant of a fair trial (see People v Turner, 5 NY3d 476; People v Sanabria, 157 AD3d 828; People v Morales, 108 AD3d 574). Further, because the Supreme Court's interference deprived the defendant of a fair trial, we reverse the judgment and remit the matter to the Supreme Court, Queens County, for a new trial before a different Justice.
DILLON, J.P., AUSTIN, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court