People v Mitchell (2020 NY Slip Op 03541)





People v Mitchell


2020 NY Slip Op 03541


Decided on June 24, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2018-06237
 (Ind. No. 1811/16)

[*1]The People of the State of New York, respondent,
v
Brian Mitchell, appellant.


Janet E. Sabel, New York, NY (Denise Fabiano and Lawrence T. Hausman of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and William H. Branigan of counsel; Mirza Hadzic on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Richard Buchter, J.), rendered April 18, 2018, convicting him of robbery in the first degree, criminal possession of a weapon in the third degree, criminal possession of stolen property in the fourth degree, criminal possession of stolen property in the fifth degree, and criminal trespass in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is reversed, as a matter of discretion in the interest of justice, and the matter is remitted to the Supreme Court, Queens County, for a new trial before a different justice.
Contrary to the defendant's contention, the verdict was not against the weight of the evidence. In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that he was deprived of a fair trial due to the Supreme Court's questioning of the complainants regarding their in-court identification of the defendant is unpreserved for appellate review (see CPL 470.05[2]; People v Yut Wai Tom, 53 NY2d 44, 56; People v Sookdeo, 164 AD3d 1268, 1269-1270; People v Davis, 147 AD3d 1077, 1079). Nevertheless, we reach this contention in the exercise of our interest of justice jurisdiction, based upon the particular circumstances of this case (see CPL 470.15[6][a]; People v Sookdeo, 164 AD3d 1268).
"While neither the nature of our adversary system nor the constitutional requirement of a fair trial preclude a trial court from assuming an active role in the truth-seeking process,' the [*2]court's discretion in this area is not unfettered" (People v Robinson, 151 AD3d 758, 759, quoting People v Storfs, 47 NY2d 882, 883). The principle restraining the court's discretion is that a trial judge's "function is to protect the record, not to make it" (People v Yut Wai Tom, 53 NY2d at 58). Accordingly, while a trial judge may intervene in a trial to clarify confusing testimony and facilitate the orderly and expeditious progress of the trial, the court may not take on "the function or appearance of an advocate" (People v Arnold, 98 NY2d 63, 67; see People v Davis, 147 AD3d at 1079).
Here, the record demonstrates that after the two complainants, in response to questions by the prosecutor, were unable to positively identify the defendant as the perpetrator of the robbery, the Supreme Court improperly assumed the appearance or the function of an advocate by questioning the complainants until it elicited a positive in-court identification of the defendant from each of them (see People v Yut Wai Tom, 53 NY2d at 57). Under these circumstances, the court's decision to elicit such testimony was an improper exercise of discretion and deprived the defendant of a fair trial. Accordingly, a new trial is warranted (see People v Hinds, 160 AD3d 983; People v Davis, 147 AD3d at 1079; People v McCann, 90 AD2d 554).
DILLON, J.P., LASALLE, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court