People v Giles (2020 NY Slip Op 06870)





People v Giles


2020 NY Slip Op 06870


Decided on November 19, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 19, 2020

Before: Gische, J.P., Mazzarelli, Moulton, Mendez, JJ. 


Ind No. 2520/09 2520/09 Appeal No. 12424 Case No. 2015-955 

[*1]The People of the State of New York, Respondent,
v
Daikwan Giles, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Matthew Bova of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Clara Salzberg of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Steven L. Barrett, J.), rendered July 31, 2013, convicting defendant, after a jury trial, of murder in the second degree and criminal possession of a weapon in the second degree, and sentencing him to an aggregate term of 25 years to life, unanimously affirmed.
The challenged portions of the People's summation generally constituted fair comment on the evidence, reasonable inferences to be drawn therefrom, and permissible responses to defense arguments. To the extent there were improprieties, there was nothing so egregious as to require reversal (see People v Overlee, 236 AD2d 133 [1st Dept 1997], lv denied 91 NY2d 976 [1998]; [*2]People v D'Alessandro, 184 AD2d 114, 118-120 [1st Dept 1992], lv denied 81 NY2d 884 [1993]). In any event, any error was harmless in light of the overwhelming evidence of guilt (see People v Crimmins, 36 NY2d 230 [1975]), which included the testimony of multiple witnesses and defendant's valid, videotaped confession.
We do not find that there was any error warranting reversal when, without objection and outside the jury's presence, the court warned an uncooperative witness, whose trial testimony contradicted his grand jury testimony, that he could be prosecuted for perjury. The court identified the conflict in the witness's sworn statements, directed him to tell the truth, and correctly stated the possible legal consequences involved (see Penal Law § 210.20 [inconsistent sworn statements as perjury]). We do not find that this action compromised the court's neutrality (see generally People v Jamison, 47 NY2d 882, 883 [1979]; People v Moulton, 43 NY2d 944, 945 [1978]).
The court correctly permitted the People to impeach this witness by means of his grand jury testimony, because the requirements of CPL 60.35 were met. Regardless of whether this witness's grand jury testimony was admissible for impeachment purposes, the court providently exercised its discretion in admitting it as evidence in chief, under the doctrine of past recollection recorded (see People v Tapia, 33 NY3d 257, 264 [2019]). The reluctant witness's ultimate trial testimony unequivocally satisfied all of the requirements for admission on that basis. The record fails to support defendant's assertion that the witness was improperly induced or coached into giving testimony that satisfied the foundational requirements for receiving his grand jury testimony as past recollection recorded.
In any event, any error with respect to the court's conduct or rulings regarding
the reluctant witness was harmless. This was only one of several eyewitnesses, and, as noted, the evidence of defendant's guilt was overwhelming.
We perceive no basis for reducing the sentence.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 19, 2020