■ In the Matter of JACQULIN M., Appellant. [922 NYS2d 111]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Jacqulin M. appeals from an order of disposition of the Family Court, Queens County (Hunt, J.), dated June 28, 2010, which, upon a fact-finding order of the same court dated June 14, 2010, made after a hearing, finding that the appellant committed acts which, if committed by an adult, would have constituted the crimes of grand larceny in the fourth degree and criminal possession of stolen property in the fifth degree, adjudged her to be a juvenile delinquent, and placed her on probation for a period of 18 months.

Ordered that the order of disposition is reversed, on the law and as a matter of discretion in the interest of justice, without costs or disbursements, the fact-finding order is vacated, and the matter is remitted to the Family Court, Queens County, for a new fact-finding hearing.

The appellant's contention that she was deprived of a fair trial because the Family Court Judge took on the function of an advocate by excessively intervening in the fact-finding hearing is unpreserved for appellate review (*see People v Charleston*, 56 NY2d 886, 887 [1982]; *Matter of Aron B.*, 46 AD3d 1431 [2007]; *People v Negron*, 41 AD3d 865 [2007]; *People v Perez*, 30 AD3d 542 [2006]). However, we reach this issue in the exercise of our interest of justice jurisdiction because the Family Court Judge's excessive intervention deprived the appellant of her right to a fair fact-finding hearing (*see* CPL 470.15 [6] [a]; *Matter of Yadiel Roque C.*, 17 AD3d 1168, 1169 [2005]; *People v Chatman*, 14 AD3d 620, 621 [2005]).

Although trial courts may appropriately take an active role in the presentation of evidence "in order to clarify a confusing issue or to avoid misleading the trier of fact" (*People v Arnold*, 98 NY2d 63, 67 [2002]), the function of the judge is "to protect the record at trial, not to make it" (*id.* at 67, citing *People v Yut Wai Tom*, 53 NY2d 44, 58 [1981]; *see People v Chatman*, 14 AD3d at 620). Thus, while a certain degree of judicial interven-

tion in the presentation of evidence is permissible, "the line is crossed when the judge takes on either the function or appearance of an advocate at trial" (*People v Arnold*, 98 NY2d at 67; *see People v Zamorano*, 301 AD2d 544, 546 [2003]). These principles apply in bench trials, including juvenile delinquency proceedings (*see People v Arnold*, 98 NY2d at 65; *Matter of Yadiel Roque C.*, 17 AD3d at 1169).

Here, the Family Court Judge took on the function and appearance of an advocate by extensively participating in both the direct and cross-examination of the two presentment agency witnesses and eliciting testimony which strengthened the presentment agency's case (*see People v Yut Wai Tom*, 53 NY2d at 58-59; *Matter of Yadiel Roque C.*, 17 AD3d at 1169; *People v Chatman*, 14 AD3d at 620; *People v Zamorano*, 301 AD2d at 546; *People v Melendez*, 227 AD2d 646 [1996]). Furthermore, when the appellant indicated, during the course of her direct examination, that a certain document which would support her defense had been turned over to a Probation Department officer, the Judge interrupted her testimony to question a Probation Department Court Liaison who was present in the courtroom about whether documents of this nature would indeed be kept by the Probation Department. The Judge then summoned the Probation Department officer assigned to the appellant's case to the courtroom, and indicated to the appellant's attorney that unless he agreed to stipulate as to what certain Probation Department records would reflect, those records would be admitted into evidence through the Probation Officer's testimony. It is clear from the record that neither the presentment agency nor the appellant's attorney intended to call the Probation Officer as a witness or enter the Probation Department records into evidence, and the stipulation regarding what those records reflected had the effect of rebutting a portion of the appellant's testimony. Thus, the Judge essentially "assumed the parties' traditional role of deciding what evidence to present" (*People v Arnold*, 98 NY2d at 68). Furthermore, the Judge offered no explanation on the record as to why he felt compelled to solicit this evidence (*id.*). Under these circumstances, a new fact-finding hearing is warranted.

In light of our determination, we do not reach the appellant's remaining contention. Covello, J.P., Eng, Hall and Roman, JJ., concur.