Matter of Keuleman v Earp (2020 NY Slip Op 06790)





Matter of Keuleman v Earp


2020 NY Slip Op 06790


Decided on November 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOSEPH J. MALTESE, J.P.
MARK C. DILLON
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY, JJ.


2019-05932
 (Docket Nos. V-5208-11/17J, V-5208-11/17K, V-5208-11/18L)

[*1]In the Matter of Kristin Keuleman, respondent,
v
Michael Earp, appellant. (Proceeding No. 1.)
In the Matter of Michael Earp, appellant,
v
Kristin Keuleman, respondent. (Proceeding No. 2.)


Claire Zimmerman Durst, Kingston, NY, for appellant.
Carol Kahn, New York, NY, for respondent.
Gerardo Gutierrez, Jr., Poughkeepsie, NY, attorney for the child.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Dutchess County (Joseph A. Egitto, J.), dated May 10, 2019. The order, insofar as appealed from, after a hearing, denied the father's petition alleging that the mother violated a so-ordered stipulation dated August 10, 2015, and granted the mother's petition to modify the so-ordered stipulation so as to award her sole custody of the subject child and reduce the father's parenting time with the child to three hours every two weeks.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
On August 10, 2015, the parties entered into a so-ordered stipulation, which, inter alia, provided for joint custody of the subject child. On or about January 25, 2018, the mother filed a petition for modification of the so-ordered stipulation. On or about February 6, 2018, the father filed a petition alleging that the mother violated the terms of the so-ordered stipulation.
In an order dated May 10, 2019, the Family Court found, after a hearing, that the mother established a substantial change in circumstances such that the current custody and visitation arrangement was detrimental to the child's well being. The court, inter alia, denied the father's petition for enforcement, granted the mother sole legal and physical custody of the child, and granted the father visitation every other Tuesday, in a public place, from 4:00 p.m. to 7:00 p.m. The father appeals.
Contrary to the father's contention, he was not deprived of the effective assistance of counsel. "'[T]he statutory right to counsel under Family Court Act § 262 affords protections [*2]equivalent to the constitutional standard of effective assistance of counsel afforded to defendants in criminal proceedings'" (Matter of Adam M.M. [Sophia M.], 179 AD3d 801, 802, quoting Matter of Nassau County Dept. of Social Servs. v King, 149 AD3d 942, 943). "An attorney representing a client is entitled to make 'strategic and tactical decisions concerning the conduct of trials'" (Matter of Deanna E.R. [Latisha M.], 169 AD3d 691, 692, quoting People v Colon, 90 NY2d 824, 826). "Accordingly, 'what constitutes effective assistance is not and cannot be fixed with precision, but varies according to the particular circumstances of each case'" (Matter of Adam M.M. [Sophia M.], 179 AD3d at 802, quoting People v Rivera, 71 NY2d 705, 708). "To prevail on a claim of ineffective assistance of counsel, it is incumbent on the [appellant] to 'demonstrate the absence of strategic or other legitimate explanations' for counsel's alleged shortcomings" (Matter of Adam M.M. [Sophia M.], 179 AD3d at 802, quoting People v Rivera, 71 NY2d at 709). Here, the father was unable to establish the absence of strategic or other legitimate explanations for his counsel's alleged shortcomings.
The father's contention that he was deprived of a fair trial because the Family Court took on the function of an advocate by excessively questioning witnesses during the fact-finding hearing is unpreserved for appellate review (see Matter of Jacqulin M., 83 AD3d 844, 844), and, in any event, without merit. "Although trial courts may appropriately take an active role in the presentation of evidence in order to clarify a confusing issue or to avoid misleading the trier of fact, the function of the judge is to protect the record at trial, not to make it" (Matter of Jacqulin M., 83 AD3d at 844 [citations and internal quotation marks omitted]). The court must avoid taking on "'either the function or appearance of an advocate at trial'" (id. at 845, quoting People v Arnold, 98 NY2d 63, 67). These principles apply to bench trials, including custody hearings (see Matter of C.H. v F.M., 130 AD3d 1028, 1029).
"There is no absolute bar to a trial court asking a particular number of questions of a seated witness" (People v Arnold, 98 NY2d at 67). The trier of fact "may assume an active role in the examination of witnesses where proper or necessary to facilitate or expedite the orderly progress of the hearing" (Matter of Toumazatos v Toumazatos, 125 AD3d 870, 871). Here, the Family Court asked questions in order to clarify evidence already in the record. While the court actively participated at the hearing, the court's conduct did not deprive the father of a fair hearing (see Matter of Yehudah v Yehudah, 144 AD3d 1046, 1047).
Finally, a sound and substantial basis exists in the record to support the Family Court's determination that a substantial change in circumstances had occurred such that a change in custody and visitation was required to protect the child's best interests (see Matter of Vasquez v Ortiz, 77 AD3d 962, 962). The best interest of the child is determined by the totality of the circumstances (see Eschbach v Eschbach, 56 NY2d 167, 172). "Since any custody determination necessarily depends to a great extent upon an assessment of the character and credibility of the parties and witnesses, deference is accorded to the hearing court's findings, which will not be disturbed unless lacking a sound and substantial basis in the record" (Matter of Vasquez v Ortiz, 77 AD3d at 962-963).
Here, there was testimony at the hearing that the child had threatened self-harm in response to spending time with the father. Additionally, the father's testimony demonstrated that he was unable to put the child's needs before his own (see Matter of King v King, 225 AD2d 697).
Accordingly, the order is affirmed insofar as appealed from.
MALTESE, J.P., DILLON, LEVENTHAL and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court