Matter of Jose v Guilford (2020 NY Slip Op 07064)





Matter of Jose v Guilford


2020 NY Slip Op 07064


Decided on November 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
BETSY BARROS
PAUL WOOTEN, JJ.


2019-09454
 (Docket No. V-6081-17/18A)

[*1]In the Matter of Yelika Jose, respondent,
v
Jacob Guilford, appellant.


Helene Chowes, New York, NY, for appellant.
Lewis S. Calderon, Jamaica, NY, for respondent.
Christine Theodore, Spring Valley, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Richmond County (Janet L. McFarland, Ct. Atty. Ref.), dated July 15, 2019. The order, after a hearing, granted the mother's petition to modify a prior order dated April 24, 2018, so as to permit her to relocate with the subject child to Ohio.
ORDERED that the order dated July 15, 2019, is affirmed, without costs or disbursements.
The mother and the father are the parents of one child, born in 2016. On April 24, 2018, the Family Court issued an order, inter alia, awarding the mother physical custody of the subject child, with parental access to the father. On or about September 26, 2018, the mother filed a petition seeking to modify the order dated April 24, 2018, so as to permit her to relocate with the subject child to Ohio. After conducting a hearing at which both parties testified, the Family Court granted the mother's petition. The father appeals.
"A parent seeking to relocate with a child bears the burden of establishing by a preponderance of the evidence that the proposed relocation would be in the child's best interest" (Matter of Gustave v Harris, 176 AD3d 937, 938; see Matter of Tropea v Tropea, 87 NY2d 727, 741). In determining whether the proposed relocation is in the child's best interests, courts may "consider and give appropriate weight to all of the factors that may be relevant to the determination" (Matter of Tropea v Tropea, 87 NY2d at 740; see Matter of Gustave v Harris, 176 AD3d at 938). These factors include, but are not limited to, each parent's reasons for seeking or opposing the relocation, the quality of the relationship between the child and the custodial parent and noncustodial parent, the impact of the relocation on the quantity and quality of the child's future contact with the noncustodial parent, the degree to which the lives of the custodial parent and child may be enhanced economically, emotionally, and educationally by the relocation, and the feasibility of preserving the relationship between the noncustodial parent and the child through alternative parental access arrangements (see Matter of Tropea v Tropea, 87 NY2d at 740-741; Matter of Gustave v Harris, 176 AD3d at 938). In reviewing the Family Court's determination, this Court "accord[s] considerable deference to the court's assessment of the witnesses' demeanor and credibility" (Matter of Gustave v Harris, 176 AD3d at 938 [internal quotation marks omitted]).
Here, contrary to the contentions of the father and the attorney for the child, the Family Court's determination that relocation was in the best interests of the subject child was supported by a sound and substantial basis in the record. The mother's testimony, which the court credited, demonstrated that relocation to Ohio in order to live together with her new husband, stationed there as a member of the military, and the subject child's new half-sibling would enhance the subject child's life economically and emotionally, and that the subject child's relationship with the father could be preserved through a liberal parental access schedule, including, but not limited to, unlimited access to the subject child in Ohio, frequent telephone and video contact, and extended summer and holiday visits (see Matter of Tropea v Tropea, 87 NY2d at 740-741; Matter of Gustave v Harris, 176 AD3d at 938; Matter of Alicea v Fernandez, 172 AD3d 1365, 1366; Matter of Ali v Abrams, 158 AD3d 674, 675; Matter of Ventura v Huggins, 141 AD3d 600, 601).
The contentions of the father and the attorney for the child that the Family Court erred by failing to appoint an attorney for the child or order a forensic evaluation are without merit. In a proceeding pursuant to Family Court Act article 6, the appointment of an attorney for a child is discretionary, not mandatory (see Family Ct Act § 249[a]). Under the circumstances of this case, including the young age of the subject child and the absence of any demonstrable prejudice to her interests, the court providently exercised its discretion in not appointing an attorney (see Matter of Quinones v Quinones, 139 AD3d 1072, 1074; Jean v Jean, 59 AD3d 599, 600; cf. Matter of Amato v Amato, 51 AD3d 1123, 1124-1125). Similarly, there is no indication in the record that a forensic evaluation was necessary to enable the court to reach its determination (see Matter of Quinones v Quinones, 139 AD3d at 1074; Matter of Jennings v Small, 59 AD3d 546, 547; cf. Matter of Brown v Simon, 123 AD3d 1120, 1122).
The remaining contentions of the father and the attorney for the child are without merit.
BALKIN, J.P., LEVENTHAL, BARROS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court