Matter of Cook v Sierra (2021 NY Slip Op 00170)





Matter of Cook v Sierra


2021 NY Slip Op 00170


Decided on January 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
REINALDO E. RIVERA
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2019-13271
 (Docket Nos. V-06530-13/19A, V-06530-13/19B, V-06530-13/19C)

[*1]In the Matter of Ashleigh Cook, respondent,
v
Benjamin Sierra, Jr., appellant. (Proceeding No. 1.)
In the Matter of Benjamin Sierra, Jr., appellant,
v
Ashleigh Cook, respondent. (Proceeding No. 2.)
 Law Offices of Louis J. Maione, P.C., New York, NY, for appellant.


Meth Law Offices, P.C., Chester, NY (Michael D. Meth of counsel), for respondent.
George E. Reed, Jr., White Plains, NY, attorney for the child.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Dutchess County (Tracy C. MacKenzie, J.), dated September 10, 2019. The order, after a hearing, modified a prior order of custody and parental access of the same court dated January 31, 2014, so as to award the father parental access with the parties' child every other weekend.
ORDERED that the order dated September 10, 2019, is affirmed, without costs or disbursements.
The parties are the parents of a child, born in 2011. Pursuant to an order of custody and parental access dated January 31, 2014 (hereinafter the 2014 order), the parties were awarded joint legal custody of the child, with primary physical custody to the mother and parental access to the father "as the parties can agree." For a number of years thereafter, the parties arranged for the father to have parental access every weekend. In 2019, both parties filed petitions seeking to modify the 2014 order. At a hearing, the mother made an oral application, in effect, to modify the 2014 order so as to set an alternating weekend schedule of parental access, citing the child's enrollment in school, the mother's new work schedule, and the parties' inability to agree on parental access times as reasons for a modification. In an order dated September 10, 2019, the Family Court, inter alia, set an alternating weekend parental access schedule. The father appeals.
Contrary to the father's contention, he was not deprived of the effective assistance of counsel. "[T]he statutory right to counsel under Family Court Act § 262 affords protections equivalent to the constitutional standard of effective assistance of counsel afforded to defendants in criminal proceedings" (Matter of Adam M.M. [Sophia M.], 179 AD3d 801, 802 [internal quotation marks omitted]). "An attorney representing a client is entitled to make 'strategic and tactical [*2]decisions concerning the conduct of trials'" (Matter of Deanna E.R. [Latisha M.], 169 AD3d 691, 692). "Accordingly, 'what constitutes effective assistance is not and cannot be fixed with precision, but varies according to the particular circumstances of each case'" (Matter of Adam M.M. [Sophia M.], 179 AD3d at 802, quoting People v Rivera, 71 NY2d 705, 708). "To prevail on a claim of ineffective assistance of counsel, it is incumbent on the [appellant] to 'demonstrate the absence of strategic or other legitimate explanations' for counsel's alleged shortcomings" (Matter of Adam M.M. [Sophia M.], 179 AD3d at 802, quoting People v Rivera, 71 NY2d at 709). Here, the father failed to establish the absence of strategic or other legitimate explanations for his counsel's alleged shortcomings (see Matter of William O. v John A., 151 AD3d 1203, 1205; Matter of Pfalzer v Pfalzer, 150 AD3d 1705, 1706).
Moreover, to modify an existing custody and parental access order, there must be a showing of a change in circumstances such that modification is necessary to ensure the continued best interests of the child (see Matter of Kates v Simpson, 180 AD3d 1043, 1043; Matter of Zeis v Slater, 57 AD3d 793, 794). Since a custody and parental access determination necessarily depends to a great extent upon an assessment of the character and credibility of the parties and witnesses, deference is accorded to the hearing court's findings in this regard, and its findings will not be disturbed unless lacking a sound and substantial basis in the record (see Matter of Shisgal v Abels, 179 AD3d 1070, 1071; Matter of Dokmeci v Herbert, 167 AD3d 877, 878). Here, the Family Court's determination that there had been a change in circumstances since the issuance of the 2014 order, and that it was in the child's best interests to modify that order so as to, inter alia, set an alternating weekend parental access schedule, has a sound and substantial basis in the record, and we decline to disturb it (see R.K. v R.G., 169 AD3d 892, 895; Matter of Sarfati v DeJesus, 158 AD3d 807, 809).
MASTRO, A.P.J, RIVERA, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court