Daoud v Daoud (2021 NY Slip Op 05849)





Daoud v Daoud


2021 NY Slip Op 05849


Decided on October 27, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 27, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
FRANCESCA E. CONNOLLY
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.


2018-02737
 (Index No. 200798/15)

[*1]Wafa Daoud, respondent,
v
Bashir Haj Daoud, appellant.


William C. McCulloh, P.C., West Babylon, NY, for appellant.
Wafa Daoud, Wantagh, NY, respondent pro se.



DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from a judgment of divorce of the Supreme Court, Nassau County (Jeffrey S. Brown, J.), entered April 17, 2018. The judgment of divorce, insofar as appealed from, upon a decision of the same court dated December 21, 2017, made after nonjury trial, awarded the plaintiff maintenance arrears in the principal sum of $70,239.91 and awarded the plaintiff real property located in Tabarja, Lebanon as separate property.
ORDERED that the judgment of divorce is affirmed insofar as appealed from, with costs.
The parties were married on February 9, 1978. On November 15, 2007, they entered into a separation agreement, which they filed in Nassau County. In 2015, the plaintiff commenced this action for a divorce and ancillary relief. After a nonjury trial, the Supreme Court entered a judgment of divorce, inter alia, awarding the plaintiff maintenance arrears in the principal sum of $70,239.91 and awarding the plaintiff real property located in Tabarja, Lebanon as separate property. The defendant appeals.
The Supreme Court correctly determined that the Tabarja property was the plaintiff's separate property. The term "marital property" is defined by statute as "all property acquired by either or both spouses during the marriage and before the execution of a separation agreement or the commencement of a matrimonial action" (Domestic Relations Law § 236[B][1][c]). Here, it is undisputed that the Tabarja property was acquired by the plaintiff after the execution of the separation agreement in 2007, and the defendant did not challenge the plaintiff's testimony that she used separate funds from an inheritance to pay for the Tabarja property (see id. § 236[B][1][d][1]). Moreover, the separation agreement specifically provides that "[e]ach party shall hereafter own independently of any claim or right of the other party, all of the items of real property to which he or she now or hereafter shall have legal title" (see id. § 236[B][1][d][4]).
The defendant's remaining contentions are without merit (see Matter of Keuleman v Earp, 188 AD3d 1063, 1064).
CHAMBERS, J.P., CONNOLLY, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court