Matter of Bailey v Ayoub (2022 NY Slip Op 01998)





Matter of Bailey v Ayoub


2022 NY Slip Op 01998


Decided on March 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2021-00238
 (Docket Nos. V-3614-18/20D/20E/20F)

[*1]In the Matter of Kevin Robert Bailey, respondent,
v
Anna M. Ayoub, appellant. (Proceeding No. 1.)
In the Matter of Anna M. Ayoub, appellant,
v
Kevin Robert Bailey, respondent. (Proceeding No. 2.)


Kelli M. O'Brien, Goshen, NY, for appellant.
Larkin Ingrassia, LLP, Newburgh, NY (Theresa R. Cayton of counsel), for respondent.
Keith G. Ingber, Thompson Ridge, NY, attorney for the child.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Orange County (Victoria B. Campbell, J.), dated December 10, 2020. The order, insofar as appealed from, after a hearing, granted the father's petition to modify an order of custody dated November 9, 2018, to the extent of awarding the father additional parental access with the parties' child, and denied the mother's cross petition to modify the order of custody dated November 9, 2018, to allow her to relocate with the subject child to North Carolina.
ORDERED that the order dated December 10, 2020, is affirmed insofar as appealed from, without costs or disbursements.
The parties are the parents of a child, born in 2013. In an order dated November 9, 2018 (hereinafter the 2018 order), the parties were awarded joint legal custody of the child, the mother was awarded physical custody of the child, and the father was awarded parental access with the child. By petition dated May 1, 2020, the father sought to modify the 2018 order so as to award the parties joint physical custody of the child. The father alleged that the mother had brought the child to North Carolina on March 17, 2020, and that she had since refused to return to New York. By cross petition dated June 1, 2020, the mother sought permission to relocate to North Carolina so that she could live with her then fiancé, now husband. After a hearing, the Family Court, in an order dated December 10, 2020, inter alia, granted the father's modification petition to the extent of awarding him additional parental access with the child and denied the mother's cross petition to relocate with the child to North Carolina. The mother appeals.
"A parent seeking to relocate with a child bears the burden of establishing by a preponderance of the evidence that the proposed relocation would be in the child's best interest" [*2](Matter of Jose v Guilford, 188 AD3d 1209, 1210 [internal quotation marks omitted]; see Matter of Wells v Dellago, 195 AD3d 625, 626). "In determining whether the proposed relocation is in the child's best interests, courts may consider and give appropriate weight to all of the factors that may be relevant to the determination" (Matter of Jose v Guilford, 188 AD3d at 1210 [internal quotation marks omitted]). "These factors include, but are certainly not limited to each parent's reasons for seeking or opposing the [relocation], the quality of the relationship[ ] between the child and the custodial and noncustodial parents, the impact of the move on the quantity and quality of the child's future contact with the noncustodial parent, the degree to which the custodial parent's and child's life may be enhanced economically, emotionally, and educationally by the move, and the feasibility of preserving the relationship between the noncustodial parent and [the] child through suitable [parental access] arrangements" (Matter of Tropea v Tropea, 87 NY2d 727, 740-741; see Matter of Wells v Dellago, 195 AD3d at 626; Matter of Jose v Guilford, 188 AD3d at 1210). "[N]o single factor should be treated as dispositive or given such disproportionate weight as to predetermine the outcome" (Matter of Tropea v Tropea, 87 NY2d at 738).
Here, contrary to the mother's contention, the Family Court's determination that the child's best interests would not be served by relocating to North Carolina with the mother is supported by a sound and substantial basis in the record (see Matter of Wells v Dellago, 195 AD3d at 626). The mother failed to establish that the relocation to North Carolina would enhance the child's life socially or educationally, that the move would not have a negative impact on the quality of the child's future contact with the father, or that, if she relocated, it would be feasible to preserve the relationship between the father and the child through suitable parental access arrangements (see id. at 626-627; Matter of Jose v Guilford, 188 AD3d at 1210; Matter of Follini v Currie, 176 AD3d 1203, 1205; Matter of Karen H. v Maurice G., 101 AD3d 1005, 1007; Matter of McBryde v Bodden, 91 AD3d 781, 782). Accordingly, the Family Court properly denied the mother's cross petition for permission to relocate with the child to North Carolina.
"In order to modify an existing court-ordered custody or parental access arrangement, there must be a showing that there has been a change in circumstances such that modification is required to protect the best interests of the child" (Matter of Langenau v Hargrove, 198 AD3d 650, 651). "Since the Family Court's determination with respect to custody and parental access depends to a great extent upon its assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of the parties, its findings are generally accorded great deference and will not be disturbed unless they lack a sound and substantial basis in the record" (id. at 651-652; see Matter of Bullard v Clark, 154 AD3d 846, 847). Here, the Family Court's determination that there had been a change in circumstances since the issuance of the 2018 order, and that it was in the child's best interests to modify that order so as to award the father additional parental access has a sound and substantial basis in the record, and we decline to disturb it (see Matter of Ramirez v Francisco, 193 AD3d 852, 853; Matter of Cook v Sierra, 190 AD3d 732, 733; Matter of Quattrochi v Negri, 187 AD3d 921, 922).
Contrary to the mother's contention, she was not deprived of the effective assistance of counsel. "[T]he statutory right to counsel under Family Court Act § 262 affords protections equivalent to the constitutional standard of effective assistance of counsel afforded to defendants in criminal proceedings" (Matter of Keuleman v Earp, 188 AD3d 1063, 1063 [internal quotation marks omitted]; see Matter of Cook v Sierra, 190 AD3d at 733). "An attorney representing a client is entitled to make strategic and tactical decisions concerning the conduct of trials" (Matter of Keuleman v Earp, 188 AD3d at 1064 [internal quotation marks omitted]; see Matter of Cook v Sierra, 190 AD3d at 733). "Accordingly, what constitutes effective assistance is not and cannot be fixed with precision, but varies according to the particular circumstances of each case" (Matter of Keuleman v Earp, 188 AD3d at 1064 [internal quotation marks omitted]; see Matter of Cook v Sierra, 190 AD3d at 733). "To prevail on a claim of ineffective assistance of counsel, it is incumbent on the [appellant] to demonstrate the absence of strategic or other legitimate explanations for counsel's alleged shortcomings" (Matter of Keuleman v Earp, 188 AD3d at 1064 [internal quotation marks omitted]; see Matter of Cook v Sierra, 190 AD3d at 733). Here, the mother failed to establish the absence of strategic or other legitimate explanations for her counsel's alleged shortcomings (see Matter of Cook v Sierra, 190 AD3d at 733; Matter of Keuleman v Earp, 188 [*3]AD3d at 1064).
DILLON, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court