Matter of Picitelli v Carbone (2022 NY Slip Op 04913)

Matter of Picitelli v Carbone

2022 NY Slip Op 04913

Decided on August 10, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
REINALDO E. RIVERA
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2021-07103 
2021-07104
 (Docket Nos. V-05653-17/20A, B, C, D, V-06386-17/20A, B, C, D)

[*1]In the Matter of Marisa E. Picitelli, respondent,
v
Annunziato A. Carbone, appellant. (Proceeding No. 1)
In the Matter of Annunziato A. Carbone, appellant,
v Marisa E. Picitelli, respondent. (Proceeding No. 2)

Law Offices of Sandra M. Radna, P.C., Melville, NY, for appellant.
Mangi & Graham, LLP, Westbury, NY (James J. Graham, Jr., of counsel), for respondent.
Joy S. Bunch, Garden City, NY, attorney for the child.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from two orders of the Family Court, Nassau County (Sharon N. Clarke, Ct. Atty. Ref.), both dated August 27, 2021. The first order, insofar as appealed from, after a hearing, granted the mother's petition to modify an order of custody and visitation dated September 12, 2017, so as to allow her to relocate with the subject child from Rockville Centre to Union, New Jersey, and denied the father's petition to modify the order of custody and visitation dated September 12, 2017, so as to award him sole legal and residential custody of the child. The second order, insofar as appealed from, awarded the same relief to the mother and set forth a schedule of parental access for the father.
ORDERED that the orders are affirmed insofar as appealed from, without costs or disbursements.
The parties have one child together, who was born in April 2017. In an order of custody and visitation dated September 12, 2017 (hereinafter the custody order), which was entered upon the consent of the parties, the parties were awarded joint legal custody of the child, the mother was awarded residential custody, and the father was awarded parental access.
By petition dated March 9, 2020, the mother filed a petition to modify the custody order so as to permit her to relocate with the child from Rockville Centre to Union, New Jersey. The mother's petition was adjourned several times to July 2020 as a result of the COVID-19 pandemic. In May 2020, at around the time the mother's lease for her apartment in Rockville Centre expired, the mother relocated, without leave of the court, to Union, New Jersey with the child.
The father filed a violation petition, contending that the mother had taken the child to New Jersey without permission from him or the Family Court, as well as a petition for a writ of habeas corpus seeking the return of the child to him. The court issued a writ of habeas corpus, which was thereafter marked satisfied. The father also filed an order to show cause and a petition seeking, inter alia, to modify the custody order so as to award him sole legal and residential custody of the child. The father contended that the mother's relocation with the child to New Jersey without his consent constituted a change in circumstances since entry of the custody order.
Following a hearing, the Family Court granted the mother's petition for permission to relocate with the child to Union, New Jersey, and awarded the father certain parental access. The court denied the father's petition to modify the custody order so as to award him sole legal and residential custody of the child, and awarded the mother sole residential and legal custody of the child. The court dismissed the father's violation petition as moot. The father appeals.
"In order to modify an existing court-ordered custody or parental access arrangement, there must be a showing that there has been a change in circumstances such that modification is required to protect the best interests of the child" (Matter of Langenau v Hargrove, 198 AD3d 650, 651). "[A] parent seeking to relocate with a child bears the burden of establishing by a preponderance of the evidence that the proposed move would be in the child's best interests" (Matter of Banks v DeLeon, 174 AD3d 598, 599 [internal quotation marks omitted]). "In determining whether relocation is appropriate, the court must consider a number of factors including 'each parent's reasons for seeking or opposing the move, the quality of the relationships between the child and the custodial and noncustodial parents, the impact of the move on the quantity and quality of the child's future contact with the noncustodial parent, the degree to which the custodial parent's and child's life may be enhanced economically, emotionally and educationally by the move, and the feasibility of preserving the relationship between the noncustodial parent and child through suitable visitation arrangements'" (id. at 599, quoting Matter of Tropea v Tropea, 87 NY2d 727, 740-741). "Since custody determinations depend in large part on the trial court's assessment of the character and credibility of the parties and witnesses, that court's credibility findings are generally accorded deference, and its custody determinations will not be disturbed unless they lack a sound and substantial basis in the record" (Matter of Banks v DeLeon, 174 AD3d at 599 [internal quotation marks omitted]).
Here, the Family Court's determination that it was not in the child's best interests to modify the custody order so as to award the father sole legal and residential custody has a sound and substantial basis in the record (see Matter of Vann v Ballinger, 174 AD3d 725, 727; Matter of Vargas v Gutierrez, 155 AD3d 751, 753). In addition, the mother established that relocating to Union, New Jersey in order to live together with her new husband, who worked in New Jersey, would enhance the child's life socially and provide the child with increased financial stability (see Matter of Tropea v Tropea, 87 NY2d at 740-741; Matter of Thomas v Mobley, ___ AD3d ___, 2022 NY Slip Op 03731 [2d Dept]; Matter of Jose v Guilford, 188 AD3d 1209, 1210; Matter of Jennings v Yillah-Chow, 84 AD3d 1376, 1377). The evidence further demonstrated that the mother would foster a positive relationship between the father and the child, and that it would be feasible to preserve the relationship between the father and the child through suitable parental access arrangements (see Matter of Masiello v Milano, 180 AD3d 683, 686; Matter of Gustave v Harris, 176 AD3d 937, 938; Matter of Ali v Abrams, 158 AD3d 674, 675). Accordingly, the court properly granted the mother's petition for permission to relocate with the child to New Jersey, and properly denied the father's petition to modify the custody order so as to award him sole residential and legal custody of the child.
Contrary to the father's contention, he was not deprived of the effective assistance of counsel. "[T]he statutory right to counsel under Family Court Act § 262 affords protections equivalent to the constitutional standard of effective assistance of counsel afforded to defendants in criminal proceedings" (Matter of Keuleman v Earp, 188 AD3d 1063, 1063 [internal quotation marks omitted]; see Matter of Cook v Sierra, 190 AD3d 732, 733). "An attorney representing a client is entitled to make strategic and tactical decisions concerning the conduct of trials" (Matter of Keuleman v Earp, 188 AD3d at 1064 [internal quotation marks omitted]; see Matter of Cook v Sierra, 190 AD3d at 733). "Accordingly, what constitutes effective assistance is not and cannot be [*2]fixed with precision, but varies according to the particular circumstances of each case" (Matter of Keuleman v Earp, 188 AD3d at 1064 [internal quotation marks omitted]; see Matter of Cook v Sierra, 190 AD3d at 733). "To prevail on a claim of ineffective assistance of counsel, it is incumbent on the [appellant] to demonstrate the absence of strategic or other legitimate explanations for counsel's alleged shortcomings" (Matter of Keuleman v Earp, 188 AD3d at 1064 [internal quotation marks omitted]; see Matter of Cook v Sierra, 190 AD3d at 733). Here, the father failed to establish the absence of strategic or other legitimate explanations for some of his counsel's alleged shortcomings, and the record, in totality, showed that the father's counsel provided him with effective representation (see Matter of Margaret K.K. [Alicia A.], 189 AD3d 834, 835-836; Matter of Vincent N.B. [Gregory B.], 173 AD3d 855, 856).
CONNOLLY, J.P., RIVERA, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court