Matter of Thomas v Thomas (2023 NY Slip Op 05508)

Matter of Thomas v Thomas

2023 NY Slip Op 05508

Decided on November 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2022-07769
 (Docket Nos. V-4980-21, V-4981-21, V-14849-21, V-14850-21)

[*1]In the Matter of Nadia Thomas, appellant,
v
William Thomas, respondent. (Proceeding No. 1.)
In the Matter of William Thomas, respondent,
v
Nadia Thomas, appellant. (Proceeding No. 2.)

Darla A. Filiberto, Islandia, NY, for appellant.
Salvatore C. Adamo, New York, NY, for respondent.
Warren S. Hecht, Forest Hills, NY, attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Suffolk County (Mary E. Porter, J.), dated August 19, 2022. The order, after a hearing, granted the father's petition for sole legal and physical custody of the parties' children, with parental access to the mother, and denied the mother's petition for sole legal and physical custody of the children.
ORDERED that the order is affirmed, without costs or disbursements.
The parties, who were married, are the parents of two children, born in 2013 and 2014, respectively. The parties separated in June 2018, and the children initially resided with the mother. In April 2021, the mother filed a petition for sole legal and physical custody of the children. On November 15, 2021, the father filed a petition for sole legal and physical custody of the children, alleging, among other things, that the mother exposed the children to possible imminent danger because she left them in the care of an unknown adult. That same day, the Family Court awarded the father temporary sole legal and physical custody of the children. After a hearing, in an order dated August 19, 2022, the court awarded the father sole legal and physical custody of the child with parental access to the mother. The mother appeals.
"In any child custody dispute, the court's paramount concern is to determine, under the totality of the circumstances, what is in the best interests of the child" (Matter of Pierce v Bey, 218 AD3d 773, 774 [internal quotation marks omitted]; see Eschbach v Eschbach, 56 NY2d 167, 171). The factors to be considered in determining the child's best interests include "the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child's relationship with the other [*2]parent" (Matter of Vidal v Taneja, 218 AD3d 594, 595 [internal quotation marks omitted]; see Eschbach v Eschbach, 56 NY2d at 171-172). "The existence or absence of any one factor in determining custody cannot be determinative on appellate review since the court is to consider the totality of the circumstances" (Matter of Pierce v Caputo, 214 AD3d 877, 878 [internal quotation marks omitted]; see Eschbach v Eschbach, 56 NY2d at 174). "The court's determination with respect to custody depends to a great extent upon its assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of the parties. Given the court's opportunity to make firsthand assessments of these crucial considerations, we accord great deference to its credibility findings and will not disturb them unless they lack a sound and substantial basis in the record" (Matter of Montebello v Montebello, 184 AD3d 565, 565 [internal quotation marks omitted]; see Matter of Pierce v Caputo, 214 AD3d at 879).
Here, there is no basis to disturb the Family Court's determination that the children's best interests are served by awarding sole legal and physical custody to the father, which has a sound and substantial basis in the record. Among other things, the evidence adduced at the hearing demonstrated that the father was available for the children any time they needed him, and that he did not need to rely regularly on others to care for the children. By contrast, the court properly determined based on the evidence that the mother's decision to leave the children in the care of an unknown adult against the father's wishes raised questions about the mother's willingness and ability to place the children's needs ahead of her own.
Viewing the record as a whole, the mother was not deprived of the effective assistance of counsel, as her counsel provided meaningful representation (see Matter of Picitelli v Carbone, 208 AD3d 582, 584; Matter of Keuleman v Earp, 188 AD3d 1063, 1063-1064).
The mother's remaining contentions are without merit.
DILLON, J.P., CHAMBERS, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court