Sloan v Sloan (2024 NY Slip Op 00645)

Sloan v Sloan

2024 NY Slip Op 00645

Decided on February 7, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 7, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
JANICE A. TAYLOR
CARL J. LANDICINO, JJ.

2023-02306
 (Index No. 1642/18)

[*1]Johanna Sloan, appellant, 
v
Jeremy Sloan, respondent.

John Teufel, Hempstead, NY, for appellant.
Kenneth J. Gorman, New York, NY, for respondent.

DECISION & ORDER
In a matrimonial action in which the parties were divorced by judgment dated September 17, 2020, and related proceedings pursuant to Family Court Act article 6 that were transferred to the Supreme Court, Orange County, and consolidated with the matrimonial action, the plaintiff appeals from an order of the Supreme Court, Orange County (Lori Currier Woods, J.), dated January 25, 2023. The order, insofar as appealed from, after a hearing, denied the plaintiff's petition to modify the custody provisions of the judgment of divorce so as to award her sole legal and physical custody of the parties' child, denied the plaintiff's petition alleging that the defendant violated the custody provisions of the judgment of divorce, and granted that branch of the defendant's motion which was to modify the custody provisions of the judgment of divorce so as to award him sole legal and physical custody of the parties' child.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The parties were formerly married, have one child together, and were divorced by a judgment dated September 17, 2020. According to the terms of the judgment of divorce, the parties shared joint legal and physical custody of the child.
In August 2021, the plaintiff filed in the Family Court a petition to modify the custody provisions of the judgment of divorce so as to award her sole legal and physical custody of the child and a petition alleging that the defendant violated the custody provisions of the judgment of divorce. Thereafter, the defendant moved in the matrimonial action, inter alia, to modify the custody provisions of the judgment of divorce so as to award him sole legal and physical custody. The Family Court proceedings were transferred to the Supreme Court and consolidated with the matrimonial action. After a hearing, in an order dated January 25, 2023, the Supreme Court, among other things, denied the plaintiff's petitions and granted that branch of the defendant's motion which was to modify the custody provisions of the judgment of divorce so as to award him sole legal and physical custody of the child. The plaintiff appeals.
"[T]he statutory right to counsel under Family Court Act § 262 affords protections equivalent to the constitutional standard of effective assistance of counsel afforded to defendants in criminal proceedings" (Matter of Picitelli v Carbone, 208 AD3d 582, 584 [internal quotation marks omitted]). To establish that the plaintiff received the ineffective assistance of counsel, she is required to demonstrate that she was not afforded "meaningful representation" based upon "the [*2]evidence, the law, and the circumstances of [the] particular case, viewed in totality and as of the time of the representation" (People v Baldi, 54 NY2d 137, 147; see Matter of Thomas v Thomas, 221 AD3d 609; Matter of Nassau County Dept. of Social Servs. v King, 149 AD3d 942, 944).
"An attorney representing a client is entitled to make strategic and tactical decisions concerning the conduct of trials" (Matter of Picitelli v Carbone, 208 AD3d at 585 [internal quotation marks omitted]). Thus, "[t]o prevail on a claim of ineffective assistance of counsel, it is incumbent on the [appellant] to demonstrate the absence of strategic or other legitimate explanations for counsel's alleged shortcomings" (id. [internal quotation marks omitted]). Further, an appellant's "showing of prejudice [is] a significant but not indispensable element in determining whether the standard of meaningful representation was achieved" (People v Lujan, 114 AD3d 963, 963 [internal quotation marks omitted]; see Matter of Neferteir A.R. [Jesse R.R.], 221 AD3d 605).
Contrary to the plaintiff's contention, she was not deprived of the effective assistance of counsel. Viewed in totality, the record reveals that the plaintiff received meaningful representation throughout the hearing (see Matter of Thomas v Thomas, 221 AD3d 609; Matter of Picitelli v Carbone, 208 AD3d at 585).
DILLON, J.P., MALTESE, TAYLOR and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court