Matter of Bartlett v Perry (2026 NY Slip Op 00369)

Matter of Bartlett v Perry

2026 NY Slip Op 00369

Decided on January 28, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 28, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
LOURDES M. VENTURA, JJ.

2024-08755
 (Docket Nos. V-15367-18/22C, V-15368-18/22C, V-15367-18/22D, V-15368-18/22D, V-15367-18/23E, V-15368-18/23E, V-15367-18/23F, V-15368-18/23F, V-15367-18/23G, V-15368-18/23G)

[*1]In the Matter of Larry Bartlett, respondent, 
vShaleen Perry, appellant.

Diana Kelly, Jamaica, NY, for appellant.
Rhea G. Friedman, New York, NY, for respondent.
Liberty Aldrich, Brooklyn, NY (Rachel J. Stanton and Janet Neustaetter of counsel), attorney for the children.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from a corrected order of the Family Court, Kings County (Nisha Menon, J.), dated July 16, 2024. The corrected order, insofar as appealed from, after a hearing, granted the father's petition to modify a so-ordered stipulation dated April 21, 2021, so as to award him sole legal and physical custody of the parties' children.
ORDERED that the corrected order is affirmed insofar as appealed from, without costs or disbursements.
The mother and the father, who were never married to each other, are the parents of two children. On April 21, 2021, the parties entered into a so-ordered stipulation that awarded the mother sole legal and physical custody of the children and set forth a parental access schedule. In October 2022, the father filed a petition to modify the so-ordered stipulation so as to award him sole legal and physical custody of the children. After a hearing, in an order dated July 16, 2024, the Family Court, inter alia, granted the father's petition. The mother appeals.
"Modification of a court-approved stipulation setting forth the terms of custody or parental access is permissible only upon a showing that there has been a sufficient change in circumstances such that modification is necessary to ensure the best interests and welfare of the child" (Matter of Burke v Squires, 202 AD3d 784, 785; see Matter of Fiore v Gima, 227 AD3d 1071, 1073). "The paramount concern when making such a determination is the best interests of the child under the totality of the circumstances" (Matter of Shepherd v Mirukaj, 235 AD3d 769, 770; see Eschbach v Eschbach, 56 NY2d 167, 171). "Since the Family Court's determination with respect to custody and parental access depends to a great extent upon its assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of the parties, its findings are generally accorded great deference and will not be disturbed unless they lack a sound and substantial basis in [*2]the record" (Matter of Freyer v Macruari, 234 AD3d 755, 756 [internal quotation marks omitted]; see Matter of Watling v Watling, 236 AD3d 1047, 1048).
Here, the Family Court properly determined that a change in circumstances existed to warrant modification of the so-ordered stipulation (see Sukul v Sukul, 196 AD3d 661, 663; Matter of Cadet v Lamour, 86 AD3d 538, 539). Further, the court's determination to award the father sole legal and physical custody was supported by a sound and substantial basis in the record. Accepting the court's credibility determinations, the evidence adduced at the hearing demonstrated, among other things, that the father is better suited to promote stability in the children's lives and is more likely to foster the other parent's relationship with the children (see Matter of Brathwaite v Lightsey, 242 AD3d 883, 885; Matter of Clarke v Clarke, 222 AD3d 751, 752).
Viewing the record as a whole, the mother was not deprived of the effective assistance of counsel, as her counsel provided meaningful representation (see Matter of Thomas v Thomas, 221 AD3d 609, 610; Matter of Picitelli v Carbone, 208 AD3d 582, 585).
GENOVESI, J.P., CHRISTOPHER, WARHIT and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court