Matter of Branch v Lee

2026 NY Slip Op 02402

April 22, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Breck Branch, appellant,

v

Damion Lee, respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 22, 2026

2025-03956, (Docket Nos. V-16858-17/23C, V-16858-17/23D)

Mark C. Dillon, J.P.

Paul Wooten

Lourdes M. Ventura

Lisa S. Ottley, JJ.

Kantrowitz, Goldhamer & Graifman, P.C., New City, NY (Randy J. Perlmutter of counsel), for appellant.

Elliot Green, Brooklyn, NY, for respondent.

Liberty Aldrich, Brooklyn, NY (Eva D. Stein of counsel), attorney for the child (no brief filed).

[*1]

DECISION & ORDER

In related proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Kings County (Nisha Menon, J.), dated January 30, 2025. The order, insofar as appealed from, after a hearing, denied the mother's petition to modify an order of the same court dated May 14, 2018, so as to permit her to relocate with the subject child to Michigan.

ORDERED that the order dated January 30, 2025, is affirmed insofar as appealed from, with costs to the respondent.

The parties, who were never married, have one child together, born in 2016. Pursuant to an order dated May 14, 2018 (hereinafter the 2018 order), upon a so-ordered parenting agreement of the same date, the parties were awarded joint legal custody of the child and the mother was awarded physical custody of the child, subject to the father's parental access with the child. At the time, the mother was residing in New Jersey and the father was residing in Brooklyn.

In July 2021, the mother married her current husband, who resides in Michigan. In January 2023, the mother filed a petition to modify the 2018 order so as to permit her to relocate with the child from New Jersey to Michigan. In an order dated January 30, 2025, after a hearing, the Family Court, inter alia, denied the mother's petition. The mother appeals.

A parent seeking to relocate with a child bears the burden of establishing by a preponderance of the evidence that the proposed move would be in the child's best interests (see Matter of Scotto v Alexander, 231 AD3d 1157, 1157-1158; Quinn v Quinn, 134 AD3d 688, 689). "In determining whether relocation is appropriate, the court must consider a number of factors including 'each parent's reasons for seeking or opposing the move, the quality of the relationships between the child and the custodial and noncustodial parents, the impact of the move on the quantity and quality of the child's future contact with the noncustodial parent, the degree to which the custodial parent's and child's life may be enhanced economically, emotionally and educationally by [*2]the move, and the feasibility of preserving the relationship between the noncustodial parent and child through suitable visitation arrangements'" (Matter of Banks v DeLeon, 174 AD3d 598, 599, quoting Matter of Tropea v Tropea, 87 NY2d 727, 740-741; see Matter of Scotto v Alexander, 231 AD3d at 1158). "In assessing these factors, no single factor should be treated as dispositive or given such disproportionate weight as to predetermine the outcome, but the impact of the move on the relationship between the child and the noncustodial parent will remain a central concern" (Matter of Fortune v Jasmin, 232 AD3d 601, 603 [internal quotation marks omitted]; Matter of Barker v Rohack, 173 AD3d 1173, 1174 [internal quotation marks omitted]).

Here, contrary to the mother's contention, the Family Court's determination that the child's best interests would not be served by relocating with the mother to Michigan is supported by a sound and substantial basis in the record (see Matter of Bailey v Ayoub, 203 AD3d 1043, 1044; Matter of Wells v Dellago, 195 AD3d 625, 626). The mother failed to establish that the relocation to Michigan would enhance the child's life economically or educationally (see Matter of Reyes v Gill, 155 AD3d 1044, 1045). The mother also failed to establish that the move would not have a negative impact on the quantity and quality of the child's contact with the father (see Matter of Bailey v Ayoub, 203 AD3d at 1044; Matter of Barker v Rohack, 173 AD3d at 1175).

Accordingly, the Family Court properly denied the mother's petition to modify the 2018 order so as to permit her to relocate with the child from New Jersey to Michigan.

DILLON, J.P., WOOTEN, VENTURA and OTTLEY, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court